William J. Crangle, J.
Plaintiffs bring this action under article 3-A of the Lien Law on behalf of themselves as subcontractors and others similarly situated for balance due and owing to them by the general contractor, J. E. Schecter Corporation, for services and materials furnished by them as subcontractors in improving real property of the General Electric Company at Schenectady.
Plaintiffs allege that the owner made certain payments to the general contractor which became trust funds in its hands until all material and services provided by others to the improvement were paid in full. They charge that those funds were diverted and used for other purposes by J. E. Schecter Corporation with the assistance and knowledge of the other defendants and that to the extent that they participated in the diversion of trust funds these defendants as well as the general contractor are liable to plaintiffs.
Upon a motion therefor a decision at Special Term (47 Misc 2d 290) granted summary judgment to plaintiffs against the defendants, J, E. Schecter Corporation, Jesco Incorporated, a subsidiary corporation, and Jack E. Schecter, an officer and director of both corporations, for the amount demanded in the complaint. Summary judgment was denied as to the defendant Bankers Trust Company and an order was made granting its cross motion dismissing the complaint as to this defendant. A judgment dismissing the complaint accordingly was entered and an appeal was taken therefrom. No order or judgment has been entered as to the other defendants.
The appeal resulted in a modification of the order to the extent that Bankers Trust Company’s cross motion for summary judgment dismissing the complaint was denied (25 A D 2d 928); *286 and a trial of the issues has now been had. The other defendants appeared and have participated fully in the trial, taking the position that plaintiffs have abandoned their motion for summary judgment as to them, having failed to enter any order upon the decision made at Special Term. Plaintiffs have raised no objection to this procedure and I will therefore treat these defendants as properly before the court and make-a determination as to all of the parties in the light of the evidence adduced at the trial.
I find that on March 30, 1962 the defendant, J. E. Schecter Corporation, owed plaintiffs in excess of $100,000 for services and materials furnished on its contract with General Electric Company and that it was then insolvent. On that date General Electric Company paid the general contractor $60,907.35 which became trust funds for the benefit of plaintiffs under article 3-A of the Lien Law. This sum was deposited in the contractor’s general account with Bankers Trust Company and, under the proof submitted, becomes the only item of payment which might conceivably have been diverted from its trust purpose.
At this time and for some two years prior thereto the bank had made substantial loans to the contractor on an unsecured basis and was familiar with the nature of its depositor’s business in general. The account was a general corporate checking account and proceeds from over 20 construction projects at a time, some of a trust nature and some from out-of-State projects, which would not be of a trust nature, were deposited therein. The bank did not, however, have either actual or constructive notice of the contractor’s insolvency until June 28, 1962, when it received notification thereof. On July 2, 1962 Bankers Trust Company paid to itself the entire balance remaining in the contractor’s account which was then $36,920.79 and applied this sum to the contractor’s then outstanding indebtedness to the bank. Plaintiffs claim that this constituted a diversion of the trust funds.
If any portion of the funds paid by General Electric Company to the Schecter Corporation then remained in the account they were trust funds in which the Schecter Corporation had no beneficial ownership interest since all of the beneficiaries of the statutory trust had not yet been paid. (Aquilino v. United States, 10 N Y 2d 271.) The funds could not, then, be .the subject of an offset against the corporation’s debt to the bank. In addition, the bank’s knowledge of the trust nature of the account would foreclose its right to transfer such funds to itself without making inquiry to determine whether the trust beneficiaries had been paid in full, and it is chargeable with *287 any knowledge which such inquiry would have disclosed. (Bischoff v. Yorkville Bank, 218 N. Y. 106; 3 Scott, Trusts [2d ed.], pp. 2334, 2337.)
However, it is clear from the evidence that the entire amount of the General Electric trust funds had been drawn from the account previously and no longer remained in the account when the bank set off the balance against the Schecter Corporation’s indebtedness to it.
The bank’s record of the J. E. Schecter Corporation checking account introduced as plaintiffs’ Exhibit 4 and the books of the contractor introduced as plaintiffs’ Exhibit 3 show receipt and deposit of the General Electric Company check on March 30, 1962 at a time when the account balance was $2,730.19. This increased the balance to $63,637.54. Various payments were made from the account in the next few days, but to when they were made or for what purpose is not indicated. These payments were not made to the bank or applied to any outstanding indebtedness of the contractor to the bank.
On April 5, 1962 an early posting in the bank’s record (Exhibit 4) indicates the account balance was $17,936.29. Later that day two similar checks were drawn on the account total-ling $18,250.00 which would have created an overdraft but for the deposit of $49,766.67 loaned to the J. E. Schecter Corporation by the bank on that date and deposited to its account, and the sum of $4,136.23 which represented uncollected checks credited to the account under the bank’s policy of giving such credit prior to the check’s collection. This amounted to an extension of credit in that amount until the checks were collected several days later on out-of-town banks. Thus on April 5, 1962 the entire proceeds of the General Electric Company check had been disbursed.
The plaintiffs have not sustained their burden of proving that the payments made from the account between March 30 and April 5 inclusive were made to persons unauthorized to receive payments from the General Electric Company funds. In fact, plaintiffs’ Exhibit 2 would indicate that there were other subcontractors or materialmen who were entitled to payment from these funds and the general contractor could quite properly have made payment on account of them. As to the defendant, J. E. Schecter Corporation, however, since the corporation’s books do not conform to the requirements of section 75 of the Lien Law it must be presumed, as to that defendant only, that the payments during that period were made to persons not *288 entitled to receive the trust funds and constituted diversions of the trust fund. (Lien Law, § 75, subd. 4.) The defendant bank, however, though it had knowledge of the trust nature of the account did not participate in the diversions, had no knowledge thereof nor of any fact to put it upon notice to inquire concerning them. (Bischoff v. Yorkville Bank, 218 N. Y. 106.)
At this time by honoring its depositor’s drafts upon the account, which it was required to do, the bank had become a holder in due course of the funds from General Electric Company deposited with it and a purchaser thereof in good faith and for value within the meaning of section 72 of the Lien Law. (Scott, Trusts [2d ed.], § 303.2 and at page 2256; Merchants Nat. Bank of St. Paul v. Santa Maria Sugar Co., 162 App. Div. 248, affd. 220 N. Y. 732.)
Thus, on July 2, 1962 when the transfer about which plaintiffs complain was made to the bank, no part of the General Electric Company funds remained in the account. Any knowledge which the bank might have then had about the contractor’s insolvency or that the plaintiff sub-contractors were not paid would be immaterial, since the remaining funds were not trust funds. The rule relied upon by the plaintiffs, to the effect that the beneficiaries of a trust retain an equitable lien upon that part of the fund which remains after a part of a commingled fund is dissipated, does not apply, since plaintiffs have not established, as to the bank, that the trust funds were improperly disbursed.
The complaint against Bankers Trust Company is dismissed.
Since no evidence was introduced at the trial that either the defendant, Jack E. Schecter, individually, or Jesco Corporation participated in any way in the disposition of the proceeds of the General Electric Company funds the complaint is dismissed as to them.
The J. E. Schecter Corporation is liable under article 3-A of the Lien Law as well as on a contractual basis for the entire amount due to each of the plaintiffs. These amounts are as follows:

Plaintiffs may have judgment, with costs against this defendant accordingly.