William Rapelman, J.
Plaintiffs, in these two companion actions, consolidated by decision on motion decided simultaneously herewith, m^>ve for accelerated judgment pursuant to CPLR 3213 on fiye letters of credit. Initially it must be noted that in the opinion of this court, CPLR 3213 is applicable to suits on letters of credit. Three of the letters of credit were apparently given to guarantee to plaintiff Banco Tornquist payment of certain debts of various Argentinian corporations. The others were given in like transactions to plaintiff Ernesto Tornquist but both plaintiffs, for the purposes of these motions, will be considered to occupy the same status for, arguably, they are under common control. They were payable by their terms on or before specified dates upon the presentation of drafts accompanied by a receipt of plaintiff and a certificate stating that the ámoqnt of the draft represented the unpaid balance of the indebtedness of the Argentinian debtor corporations referred to above or as to certain of the letters other similar conditions. Banco Tornquist asserts it complied with all the conditions and, considering the formalities only, such compliance appears in *875 most cases. As to one letter, however (No. 35477), the demand for payment appears to have been untimely made and the document referred to the wrong Argentinian debtor corporation. Strict compliance with the terms of a letter of credit must gen-? erally be established for liability. (North Woods Paper Mills v. National City Bank of N. Y., 121 N. Y. S. 2d 543; Anglo-South Amer. Trust Co. v. Uhe, 261 N. Y. 150.) More importantly, however, there are presented allegations of fraud in the procuring of the letters and their underlying transactions supported by sufficient evidentiary allegations to raise triable issues of defendant’s liability thereunder assuming the letters are not deemed independent of the underlying transactions. Thus these are charges of deliberate and fraudulent depletion -of the assets of the Argentinian debtor companies, to the knowledge of plaintiffs (or as to which they are chargeable with knowledge) as well as of false invoices given in connection with the shipments of goods out of which, presumably, the debts concerned and covered by the letters, arose.
Whether letters of credit are independent of the underlying transactions was discussed in Sztejn v. Schroder Banking Corp. (177 Misc. 719, 722) where the court stated: “Although our courts have used broad language to the- effect that a letter of credit is independent of the primary contract between the buyer and seller, that language was used in eases concerning alleged breaches of warrapty; no case has been brought to my attention on this point involving an intentional fraud on the part of the seller which was brought to the bank’s notice with the request that it withhold payment of the draft on this account. The distinction between a breach of warranty and active fraud on the part of the seller is supported by authority and reason.” (Accord, Old Colony Trust Co. v. Lawyers Title & Trust Co., 297 F. 152 [2d Cir.], cert. den. 265 U. S. 585.) To the extent the parties adopted the ‘1 Uniform Customs and Practice for Documentary Credits ” which indicates a different approach, it must be noted that the applicable section, subdivision (c) of the General Provisions, does not by its terms encompass cases where there is or may be involvement in the fraud, through malfeasance or improper nonfeasance, the issue of the letter.
The motions are denied»