■ MARINE MIDLAND BANK—NEW YORK, Appellant-Respondent, v GRAYBAR ELECTRIC COMPANY, INC., Defendant and Interpleading Plaintiff-Respondent-Appellant. DYNAMICS CORPORATION OF AMERICA, Interpleaded Defendant-Respondent-Appellant.—Order, Supreme Court, New York County, entered June 9, 1975, and judgment entered thereon July 3, 1975, unanimously affirmed on the opinion of Justice Helman at Special Term. Defendant and interpleading plaintiff-respondent-appellant Graybar Electric Company, Inc., shall recover of plaintiff-appellant-respondent $60 costs and disbursements of these cross appeals, and without costs and without disbursements as to any other party. That opinion held that the seizure of Graybar's check, deposited by interpleaded defendant-respondent-appellant Dynamics Corporation of America as an offset against Dynamics' debt owed to plaintiff Marine Midland Bank, was improper because the bank prematurely held Dynamics in default upon its indebtedness. But we note that the bank's act was also premature in another sense. Deposit with the bank by Dynamics of Graybar's check was made pursuant to a so-called lock-box agreement which conferred upon the bank an agency only to remove the check from the lock-box and deposit it. The setoff took place, it is not disputed, prior to 10:28 A.M. on the date of deposit by which time the debtor-creditor relationship necessarily precedent to setoff could not have come about. The agency and the obligations incident thereto had not yet terminated in respect of the as yet uncollected item. According to the record, that would not have occurred until "the end of the day." Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.