■    EUGENE K. TONKONOGY, Respondent, v ROBERT SEIDENBERG, Appellant.—Order, Supreme Court, New York County, entered June 9, 1977, and judgment entered June 29, 1977, granting plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, reversed, on the law, without costs or disbursements, the judgment vacated, and the motion for summary judgment denied, without prejudice to any further proceedings after service of pleadings. The complaint shall be served within 20 days after service upon plaintiff by defendant of a copy of the order to be entered hereon, with notice of entry, and the answer shall be served within 20 days after service of the complaint. Appeal from order, Supreme Court, New York County, entered June 24, 1977, denying defendant's motion for reargument, unanimously dismissed, without costs or disbursements. This action to recover a sum of money allegedly due under a bond was commenced by way of summary judgment in lieu of complaint pursuant to CPLR 3213. The bond, which required periodic payments, was given by defendant to plaintiff, together with a purchase-money mortgage, to secure the balance of the purchase price in connection with plaintiff's sale to defendant of a parcel of land. Initially, summary judgment was resisted on the claim that there was a failure of consideration since another person claimed fee title to the property in question. However, the deed in question was a bargain and sale deed (with convenants against grantor's acts) and included no warranty of title. Accordingly, Special Term granted summary judgment on the long-established principle that the acceptance of a deed without a warranty of title renders the question of consideration unavailable. (See *Whittemore v Farrington,* 76 NY 452.) Thereafter, by order to show cause, defendant moved for reargument claiming that the action was not "based upon an instrument for the payment of money only", as required under CPLR 3213, since the bond incorporated all of the provisions of the accompanying mortgage, and the amount demanded was based on an escalation provision which appeared in the mortgage instrument. This motion was likewise denied at Special Term which, relying on *Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, affd 29 NY2d 617), concluded that the action was appropriately brought pursuant to CPLR 3213. The original determination at Special Term seems to us erroneous, since it is clear from the face of the bond that it is not "an instrument for the payment of money only." Defendant's initial failure to raise the issue does not remedy the improper use of the CPLR 3213 "motion-action" procedure. The controlling principle was set forth in *Seaman-Andwall Corp. v Wright Mach. Corp. (supra),* which involved a suit on a note that was part of a more comprehensive transaction as to aspects of which other defenses were available, but the note itself required "the defendants to make certain payments and nothing else" (p

137). The test applied was whether the plaintiff could prove "a prima facie case by proof of the note and a failure to make the payments called for by its terms" (p 137). The facts presented here do not meet that test. The bond sued on not only incorporated the provisions of the accompanying purchase-money mortgage, but the amount actually sought was fixed by reference to an escalation clause in that mortgage. (See *Kemp v Hinkson,* 73 Misc 2d 76.) While we recognize that on a properly brought motion for summary judgment the result may well be the same as the one reached at Special Term, we nevertheless reverse in the view that CPLR 3213 should be limited to an action based on an instrument for the payment of money only. To hold otherwise would be to render the section vulnerable to abuse. The motion for summary judgment is therefore denied, without prejudice to any further proceedings after service of pleadings. Concur—Murphy, P. J., Sandler and Sullivan, JJ.; Fein and Lane, JJ., dissent in a memorandum by Fein, J., as follows: I would affirm. Special Term's grant of summary judgment in lieu of complaint pursuant to CPLR 3213 and dismiss the appeal from the denial of defendant's subsequent motion to reargue and renew. Plaintiff sues to recover on a bond secured by a mortgage given in connection with the purchase by defendant of unimproved real property located in East Hampton, Suffolk County, New York. The contract between the parties required tender of the usual bargain and sale deed with covenant against grantor's acts, which was delivered on the closing. The bond, in the sum of $15,600, called for repayment with interest at the rate of 8% per annum, payable in semiannual installments of $1,923.48. When defendant failed to make the four payments due for the period May 23, 1974 through May 23, 1976, plaintiff brought this action for accelerated judgment pursuant to CPLR 3213. In opposition to the original application, defendant contended that he did not receive marketable title to the realty, because a third party had asserted an adverse claim to the property. Special Term granted summary judgment to plaintiff, observing that the argument with respect to marketable title was insufficient. The provisions of the contract did not survive delivery of the deed *(Whittemore v Farrington,* 76 NY 452) and there was no showing of grantor's acts violative of any covenant in the deed. Moreover, defendant failed to raise evidentiary facts to support his fraud claim respecting execution of the bond and the transfer of the property. Upon motion to reargue or renew, defendant claimed, for the first time, that the bond on which the action was premised was not an instrument for the payment of money only within the contemplation of the statute. Special Term denied reargument, holding that the bond was an instrument for the payment of money only. I am in agreement with the majority that this was error, since resort must be had to the terms of the mortgage to ascertain whether there was a default so as to justify acceleration of the principal sum due under the bond. Since proof dehors the instrument is necessary, the instrument is not one for the payment of money only within the terms of the statute. *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, affd 29 NY2d 617.) Nevertheless, I find that Special Term correctly denied reargument or renewal, albeit not for the reasons stated. The argument as to whether the bond sued on was an instrument for the payment of money only may not be raised for the first time upon motion to reargue. As was observed by the Court of Appeals in *Simpson v Loehmann* (21 NY2d 990), "A motion for reargument is not an appropriate vehicle for raising new questions". The position taken by defendant upon reargument was inconsistent with that assumed on the original application and, accordingly, was not properly raised. Nor was the motion properly one to renew. An application

to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application. *(Ecco High Frequency Corp. v Amtorg Trading Corp.,* 81 NYS2d 897, affd 274 App Div 982, rearg and app den 274 App Div 1056; *Matter of Holad v MVAIC,* 53 Misc 2d 952; *American Trading Co. v Fish,* 87 Misc 2d 193.) Here, there are no additional material facts. The renewal application was not supported by new facts or information of which defendant became aware or events which occurred after the original determination. All that defendant has done is to raise a new legal argument, which could have been raised initially, to justify his contention that the motion for summary judgment should be denied. To permit the issue to be raised for the first time upon renewal is improper, particularly on a motion for summary judgment, where both parties are required to assemble and lay bare evidentiary facts as to the existence of genuine triable issues of fact. One should not be permitted to withhold facts or to proceed on one legal theory on the assumption that what has been submitted is sufficient, and thereafter to move again on a different legal argument merely because he has been unsuccessful upon the original application. There is no need to foster the two bites at the apple procedure, particularly on the facts here. As Special Term properly held, there is no showing of a defense on the merits. We should not be overly concerned that in this case, the result is to afford a party accelerated judgment on an instrument which is strictly not one for the payment of money only. Such a holding here would not render CPLR 3213 subject to abuse. It would rather make clear that if the objection is to be made it should be raised at the outset as the rule intends. Here, the procedure originally undertaken was acquiesced in by both sides. The parties, having charted their procedural course through the courts, should be bound by the procedure which they have adopted *(Stevenson v News Syndicate Co.,* 302 NY 81, 87; *Reilly v Insurance Co. of North Amer.,* 32 AD2d 918). Accordingly, the order, Supreme Court, New York County, entered June 9, 1977, granting plaintiff's motion for summary judgment in lieu of complaint and denying defendant's motion to renew, and the judgment entered thereon, June 29, 1977, should be affirmed. The appeal from so much of the order, Supreme Court, New York County, entered June 24, 1977, as denied defendant's motion for reargument should be dismissed as taken from an order that is nonappealable.