◼ HELLENIC LINES LIMITED, Respondent, v CROWN CORK & SEAL COMPANY, INC., Appellant.—Judgment, Supreme Court, New York County, entered February 28, 1978, granting plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, with costs and disbursements on the appeal, the motion for summary judgment denied and plaintiff directed to serve its complaint within 20 days after service of a copy of the order to be entered hereon, with notice of entry, defendant to serve its answer within 20 days after service of the complaint. The action was brought to recover $55,231.49 in freight charges alleged to be due and owing for the shipment and delivery of five crates of dishwashing machinery to Beirut, Lebanon in October, 1975. Plaintiff's claim is predicated upon a short form bill of lading, which incorporates the standard long form bill of lading issued to defendant. Special Term, in granting summary judgment, found the bills of lading sufficient as instruments for the payment of money only within the contemplation of the statute. The court rejected as insufficient to raise a genuine triable issue defendant's claim that plaintiff had agreed to notify Societe Moderne Libanaise pour le Commerce (Libanaise), the party to whom delivery was to be made in Lebanon, upon arrival of the goods in that country. The court relied upon Paragraph No. 16 of the long form bill of lading, which provided in part: "Full freight to port of discharge named herein shall be considered completely earned on receipt of the goods by the carrier * * * and the carrier shall be entitled absolutely to all freight and all charges due hereunder, whether actually paid or not, and to receive and retain them under all circumstances whatever, ship and or cargo lost or not lost." We

disagree. We need not pass on whether, under other circumstances, short and long form bills of lading of the type here involved, taken together, constitute an instrument for the payment of money only, so as to authorize resort to the accelerated procedure afforded by the statute (CPLR 3213). We are agreed that the instruments upon which plaintiff's claim is here premised do not qualify for that procedure. Although the short form bill of lading incorporates the extensive provisions in the standard long form bill of lading, it plainly "required something in addition to the defendant's explicit promise to pay a sum of money." *(Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155.) A statement of account was there held not to be an instrument for the payment of money only within the scope of CPLR 3213. Resort to the instrument alone was insufficient to make out a prima facie case, there being no writing in which defendant obligated itself to make payment in accordance with the account stated. As stated in *Haug v Metal City Findings Corp.* (47 AD2d 837, 838): "The test is not what the instrument may be reduced to by part performance or by elision of a portion of it after its genesis, but rather how the instrument read in the first instance. In addition to the obligation to pay money, the contract requires performance of certain services and furnishing of devices, which are interwoven with the obligation to pay money and are precedent to it." Decisive is whether plaintiff can prove a prima facie case by proof of the instrument and a failure to make the payments called for by its terms. *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, affd 29 NY2d 617; *Tonkonogy v Seidenberg,* 63 AD2d 587.) Although Paragraph No. 16 of the printed long form bill of lading purports to entitle plaintiff to payment "cargo lost or not", the short form bill is indorsed "Notify * * * Libanaise * * * Beirut", "FREIGHT COLLECT" and "FREIGHT PAYABLE AT DESTINATION". As defendant contends, based on these indorsements, there is a question of fact as to the applicability of the guaranteed freight provision of the long form bill of lading and the effect if any of the alleged failure to "notify" Libanaise. Defendant's affidavits raise the claim that plaintiff specifically agreed to "notify" Libanaise upon delivery and to collect the freight charges from Libanaise. Plaintiff offers no explanation for (1) the failure to notify of the discharge of the equipment in Beirut or, (2) the inordinate delay in demanding payment of the freight charges, until December 1, 1976, when plaintiff sent a letter to defendant, advising that the shipment had been destroyed during hostilities in Lebanon and requesting prompt payment of the oustanding charges. The affidavit of defendant's vice-president alleges that his investigation failed to disclose that delivery had been made. There are factual issues as to the applicability of the guaranteed freight clause contained in the long form bill of lading and whether the goods were in fact delivered to and discharged in the Port of Beirut. Under the circumstances, summary judgment is an inappropriate remedy. Concur—Kupferman, J. P., Birns, Fein, Lupiano and Yesawich, JJ.