SHEILA MAGLICH, Appellant, v SAXE, BACON & BOLAN, P. C., Respondent.

First Department, November 15, 1983

APPEARANCES OF COUNSEL

*Thomas A. Andrews, P. C.,* for appellant.

*Roy M. Cohn* (*Louis Biancone* with him on the brief; *Saxe, Bacon & Bolan, P. C.,* attorneys), for respondent.

OPINION OF THE COURT

KASSAL, J.

Plaintiff appeals from an order which denied her motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The prime issue on the appeal is whether the several letters, as a whole, upon which the undisputed liability of the defendant is predicated, amount to "an instrument for the payment of the money only" within the contemplation of the statute, so as to authorize the accelerated procedure provided for therein.

The action was brought to recover the sum of $100,000, which plaintiff claims she had loaned to defendant law firm in February, 1981 plus interest from January 11,

1983. The indebtedness is evidenced by a letter from defendant, dated March 5, 1981, "Acknowledged and Agreed" to by plaintiff, as follows: "This letter will serve to confirm our understanding whereby you agree to lend this office $100,000 for a period of sixty days at an annual interest rate of 20%." Subsequent correspondence, from defendant, all on its letterhead and "Consented to" by plaintiff, confirmed seven rollovers of the loan, each approximately two months apart, extending defendant's time to repay until the new maturity date and fixing the interest to be paid to plaintiff for each period that the loan had been extended. The correspondence covers the period from May 11, 1981 to October 6, 1982. The last letter, dated October 6, 1982, confirms the renewal of the $100,000 loan for a period of 90 days, from October 10, 1982 to January 10, 1983, at an interest rate of 20% and provides for three relatively equal payments of interest to be made to plaintiff on November 19 and December 20, 1982 and January 10, 1983. Plaintiff alleges that, although she demanded payment on expiration of the last renewal, no repayment of the loan principal has been made.

Defendant does not deny either that there was a loan or that it was never repaid. The sole challenge offered is the assertion that the correspondence, clearly an acknowledgment of a debt, did not meet the statutory requirement as "an instrument for the payment of money only" (CPLR 3213) so as to authorize the accelerated procedure followed by plaintiff in lieu of the institution of an action by service of formal pleadings. In addition, the law firm sought to interpose a counterclaim or setoff for legal services rendered. Defendant claimed that it had previously represented plaintiff in "a hotly contested matrimonial action", for which it received a total fee of $50,000 and, subsequently, it rendered additional legal services, the value of which it seeks to offset against the principal of the loan. According to defendant, the agreed value of the services was $69,099.75. When plaintiff refused to further extend or renew the loan and sought to sever her relationship, the law firm for the first time submitted a bill for services rendered and tendered plaintiff a check in the sum of $30,900.25, as the difference between the loan and the claimed services rendered.

CPLR 3213 affords a speedy and efficient remedy to secure a judgment in certain cases where service of formal pleadings would be unnecessary for the expeditious resolution of the dispute between the parties. This accelerated procedure, however, only applies to an action based upon a judgment or an instrument for the payment of money only. To qualify for CPLR 3213 treatment, plaintiff must prove a prima facie case by the instrument and a failure to make the payments called for by its terms (*Interman Ind. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, affd 29 NY2d 617; *Tonkonogy v Seidenberg,* 63 AD2d 587, 588). In *Interman,* the Court of Appeals held that an account stated, unsupported by a writing subscribed by the defendant, would not qualify for this accelerated treatment since there was no written instrument by which the defendant obligated itself to make payment. Where proof outside the instrument is necessary to establish the underlying obligation, the CPLR 3213 procedure does not apply (see *Nasti Sand Co. v Almar Landscaping Corp.,* 34 AD2d 554; *Holmes v Allstate Ins. Co.,* 33 AD2d 96).

Applying this standard, the accelerated procedure has been permitted in cases involving commercial paper, where the party to be charged formally and expressly acknowledges the obligation (*Seaman-Andwall Corp. v Wright Mach. Corp., supra* [promissory note]; *Banco Portugues Do Atlantico v Fonda Mfg. Corp.,* 31 AD2d 122, affd 26 NY2d 642 [accepted sight draft]; *Rhodia, Inc. v Steel,* 32 AD2d 753 [unconditional guarantee of a promissory note]; *Logan v Williamson & Co.,* 64 AD2d 466, app dsmd 46 NY2d 996 [promissory note issued in conjunction with transfer of corporate equipment, capital stock and real estate]; *Chase Manhattan Bank v Kahn,* 66 AD2d 704 [unconditional guarantee]; *Banco Tornquist, S. A. v American Bank & Trust Co.,* 71 Misc 2d 874 [letter of credit]; *Louis Sherry Ice Cream Co. v Kroggel,* 42 Misc 2d 21 [nonnegotiable note]). However, the statutory procedure has also been applied beyond that to written instruments which unconditionally acknowledge a debt obligation, although technically not commercial paper (*Baker v Gundermann,* 52 Misc 2d 639 [letter evidencing a debt obligation

for a fixed period at a stated rate of interest]; *Ace Off. Cleaning Corp. v Brodsky, Hopf & Adler,* 81 Misc 2d 170 [letter acknowledging debt in amount set forth in account stated]).

On the other hand, resort to this expedited procedure has been denied, where the action was founded upon documents which, although calling for the payment of a sum of money, also required some other condition or performance, thus leading to the conclusion that the instrument from the face of the document was not one for the payment of a sum of money *only* (*Interman Ind. Prods. v R.S.M. Electron Power, supra* [statement of account]; *Wagner v Cornblum,* 36 AD2d 427 [separation agreement]; *Nasti Sand Co. v Almar Landscaping Corp., supra* [contract to provide services]; *Signal Plan v Chase Manhattan Bank,* 23 AD2d 636 [action on a forged check]; *Hellenic Lines v Crown Cork & Seal Co.,* 70 AD2d 567 [bill of lading incorporating extensive provisions in standard long form bill of lading]; *Rickert v Packet Facilities,* 35 AD2d 711 [employment contract]; *New York Conference Assn. of 7th Day Adventists of Syracuse v 915 James St. Assoc.,* 63 Misc 2d 38 [bond and mortgage]; *Stern v Chemical Bank,* 83 Misc 2d 508 [savings account passbook]).

The distinguishing feature in the cases where the statutory procedure has been permitted, in contrast to those where it has been denied, is that, in the former, liability was predicated upon the terms of the writing plus proof of nonpayment establishing plaintiff's prima facie case and thus qualifying for accelerated treatment under CPLR 3213. In the latter situation, however, the document sued upon set forth something more than the simple promise by the defendant obligor to pay a sum of money.

The statute is not limited to negotiable and nonnegotiable paper within the terms of article 3 of the Uniform Commercial Code, as suggested by defendant on this appeal. CPLR 3213 contains no such restriction nor does the policy underlying this procedure. Rather, what is required is a written unconditional instrument, evidencing an obligation to pay a sum at a certain time or over a stated period.

In denying relief here, Special Term concluded that the writing was not an instrument for the payment of money only under CPLR 3213 since it did not contain an express promise to pay or a specified due date. This is partially true as to the first letter, dated March 5, 1981, since it only confirms the understanding of the parties by which plaintiff agreed to lend defendant $100,000 for 60 days, which may or may not have taken place. However, the subsequent correspondence unequivocally establishes the loan, the renewals for stated periods and the fixed rates of interest. It is patently clear that defendant repeatedly acknowledged the underlying obligation in that a loan was made and it was bound to repay the loan at the stated due dates. In fact, defendant does not, in any respect, challenge the existence of this loan obligation, and no defense as to the loan is offered sufficient to raise a genuine, triable issue of fact (see *Chase Manhattan Bank v Kahn, supra*). Defendant's claim that plaintiff agreed that legal services were to be rendered as an offset against the debt is disputed. In any event, any such proof would be inadmissible under the parol evidence rule to vary the plain terms of the letter agreements which renewed the loan (*Leumi Fin. Corp. v Richter*, 17 NY2d 166; *Jamestown Business Coll. Assn. v Allen*, 172 NY 291; *Community Nat. Bank & Trust Co. v Intercoastal Trading Corp.*, 55 AD2d 525; cf. *National Bank of North Amer. v Chu*, 47 NY2d 946, revg 64 AD2d 573). Thus, it is insufficient to raise a triable issue of fact as to the loan.

Addressing the counterclaim, whereby the law firm alleges a claim for legal services rendered, such counterclaim is insufficient to defeat summary judgment on the loan. Furthermore, plaintiff challenged not only the amount of the bill, pointing to the fact that defendant, for the same services, had tendered inconsistent bills, one on October 13, 1982 for $97,499.75 and one on October 18, 1982 for $69,099.75, but also claimed that "defendant performed virtually no service for which it now claims fees". In any event, the contested claim for legal services, unliquidated and varying in amount and unrelated to plaintiff's claim, affords no defense to the action to preclude the immediate entry of judgment thereon (see *Robert Stigwood Organisation v Devon Co.*, 44 NY2d 922; *Pease & Elliman v 926 Park*

*Ave. Corp.,* 23 AD2d 361, affd 17 NY2d 890; *Logan v Williamson & Co.,* 64 AD2d 466, 469-470, *supra*). Clearly, the counterclaim, unrelated to and independent of plaintiff's claim, could have been the subject of a separate action had defendant so chosen and should be severed and interposed in a formal pleading. On this record, no reason appears to stay entry or execution on plaintiff's judgment pending defendant's attempt to establish its controverted claim.

Accordingly, the order, Supreme Court, New York County (DAVID H. EDWARDS, JR., J.), entered June 8, 1983, denying plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 should be reversed, on the law, with costs and disbursements, plaintiff's motion granted, and judgment awarded to plaintiff in the sum of $100,000, with interest thereon from January 11, 1983, the counterclaim severed and defendant, if so advised may interpose its counterclaim in a formal pleading to be served following service of the order to be entered on this appeal.

SANDLER, J. P., BLOOM, FEIN and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on June 8, 1983, unanimously reversed, on the law, plaintiff's motion granted, and judgment awarded to plaintiff in the sum of $100,000, with interest thereon from January 11, 1983, the counterclaim severed and defendant, if so advised, may interpose its counterclaim in a formal pleading to be served following service of a copy of this court's order. The appellant shall recover of respondent $75 costs and disbursements of this appeal.