OPINION OF THE COURT
Edward J. Greenfield, J.
This motion by plaintiff pursuant to CPLR 3213 for summary judgment in lieu of complaint raises the question of whether a bank which is designated as an advising and paying bank in a letter of credit transaction has the right to set off if the letter of credit has been assigned.
To facilitate the sale and shipment of polypropylene resin for shipment to Peking, the Bank of China issued an irrevocable letter of credit in favor of Ngai Fat International Inc. (NFI) in the sum of $1,070,865. NFI was the purchaser of this material from plaintiff Bamberger Polymers International Corp. (Bamberger). Payment of the letter of credit was to be made against presentation of shipping documents evidencing shipment of 1,300 tons of polypropylene resin. Defendant Citibank was designated *654 as the advising and paying bank. The purchaser, NFI, arranged to pay Bamberger by assigning to it the proceeds of its letter of credit. Bamberger agreed, and on August 23, 1982, Citibank was advised by letter and acknowledged the assignment to Bamberger. The advice instructed Citibank to pay over to Bamberger the proceeds of the letter of credit in accordance with its terms.
It is undisputed that the shipments contracted for were duly made and the necessary documents evidencing the shipment were presented to Citibank for payment. Citibank, however, claiming that it was owed $812,083.72 by NFI arising out of a prior unrelated letter of credit transaction, claimed the right to set off the funds received from the Bank of China, and withheld this sum, turning over to Bamberger only $258,781.28 of the $1,078,865 purchase order.
Plaintiff, in support of its motion for summary judgment, argues that since the proceeds of the letter of credit were irrevocably assigned to it, since Citibank accepted and acknowledged the assignment, and plaintiff fully performed and presented the necessary shipping documents, it is entitled to receive payment on the letter of credit in full without any setoff. Citibank takes the position that inasmuch as there was a debtor-creditor relationship between it and NFI, the beneficiary of the letter of credit, it had the right of setoff even as against an assignee.
Citibank asserts that the transaction is governed by the Uniform Commercial Code. In particular, subdivision (2) of section 5-116 of the Uniform Commercial Code provides that: “[T]he beneficiary may before performance of the conditions of the credit assign his right to proceeds. Such an assignment is an assignment of a contract right under Article 9 on Secured Transactions and is governed by that Article”.
Article 9 of the Uniform Commercial Code deals with setoffs by providing in subdivision (1) of section 9-318 that absent an agreement to the contrary
“[T]he rights of an assignee are subject to
“(a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and
*655 “(b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment.”
The question, then, is whether Citibank is an account debtor which can assert a setoff before receiving notification of assignment. The right of setoff may be asserted only when the debtor-creditor relationship is shown to exist between the bank and customer. (Marine Midland Bank v Graybar Elec. Co., 51 AD2d 903, affd 41 NY2d 703.) Further, plaintiff argues the bank cannot exercise a right of setoff when it is charged with knowledge that the funds in its hands belong to a third party. (Baker v New York Nat. Exch. Bank, 100 NY 31; Schreibman v Chase Manhattan Bank, 15 AD2d 769; Utica Sheet Metal Corp. v Schecter Corp., 53 Misc 2d 284.) Is an advising and paying bank an “account debtor” within the intendment of section 9-318 or is it merely a conduit? Section 9-105 (subd [1], par [a]) defines an “account debtor” as “the person who is obligated on an account, chattel paper, contract right or general intangible.” The Court of Appeals in Bank Leumi Trust Co. v Collins Sales Servs. (47 NY2d 888, 890), has observed that: “By its very terms, this provision subjects the rights of the assignee only to those claims or defenses which the account debtor, defined as ‘the person who is obligated on an account’ * * * has against the assignor.” If the claim arises only from a collateral agreement as to a method of payment and not from an underlying debtor obligation, it cannot diminish the rights of an assignee. On the letter of credit itself, the party obligated on the account was the issuer of the letter of credit, to wit: the Bank of China. Citibank had no independent obligation under the letter of credit as advising bank and paying bank, it was functioning not as the account debtor, but as the agent of the account debtor.
“An ‘advising bank’ is a bank which gives notification of the issuance of a credit by another bank.” (Uniform Commercial Code, § 5-103, subd [1], par [e].)
“Unless otherwise specified an advising bank by advising a credit issued by another bank does not assume any obligation to honor drafts drawn or demands for payment made * * * but it does assume obligation for the accuracy of *656 its own statement.” (Uniform Commercial Code, § 5-107, subd [1].)
“ Tf the opening bank requests a correspondent bank to notify the beneficiary of the existence of the credit, the correspondent is termed the “advising” or the “notifying” bank.
“ Tf the credit is transmitted to the beneficiary through the medium of a notifying bank, the latter bank assumes no obligation other than to vouch for the authenticity of the information it transmits.’ ” (Bril v Suomen Pankki Finlands Bank, 199 Misc 11, 25, quoting Ward and Harfield, Bank Credits and Acceptances in International and Domestic Trade.)
See, also, National Amer. Corp. v Federal Republic of Nigeria (425 F Supp 1365, 1372) to the effect that an advising bank has no obligation beyond the transmitting of accurate information.
Similarly, as a “paying bank” Citibank was to transit the funds made available by the Bank of China merely as a conduit. It assumed no independent obligation with respect to payment. If, as “advising bank” and “paying bank” Citibank had no direct obligation to NFI, and was merely the agency moving funds at the direction of the issuing bank, the Bank of China, it could not be considered an account debtor of NFI and thus had no right to assert its setoffs as against NFI’s assignee.
Defendant resists summary judgment on the grounds that plaintiff is not suing on an instrument for the payment of money only. The fact that performance must be satisfactorily demonstrated by the submission of appropriate documents does not deprive a letter of credit of the status of an “instrument for the payment of money only.” (Banco Tornquist S.A. v American Bank & Trust Co., 71 Misc 2d 874.) Plaintiff relies entirely on three-fold documentary proof — the letter of credit, the assignment, and the shipping documents as proof of performance. Even if we were to assume that Citibank has a valid claim against NFI arising out of an earlier transaction, such a controversy would not bar recovery by the assignee of the letter of credit, since Citibank had no right as a matter of law to deduct sums to satisfy its own account before transmitting *657 the balance of the proceeds to plaintiff. As the advising and paying bank, Citibank had notified NFI that the Bank of China had issued the letter of credit and explicitly excluded the possibility of its being considered a debtor obligated to NFI by advising that “this credit is solely an advice of the opening of the aforesaid credit and conveys no engagement by us.” A mere agent acting for another in advancing the other party’s funds cannot, as a matter of law, exercise any right of setoff to satisfy its own claims. (Utica Nat. Bank & Trust Co. v Associated Producers Co., 622 P2d 1061 [Okla].)
In this case, the additional principle comes into play that a bank can make no setoff when it knows that the funds it holds belong to a third party. In this case, Citibank had been advised of NFI’s assignment to Bamberger. It accepted and acknowledged the assignment. It never advised Bamberger, which proceeded in good faith, to ship goods to China, that Citibank had a preexisting claim against NFI and that all the proceeds of the letter of credit apparently assigned would not be available. Bamberger took the assignment without any knowledge that the amounts apparently assured by the letter of credit would be withheld by the advising and paying bank. Once Citibank accepted the assignment (and indeed received a fee for it), it knew that the funds payable under that letter of credit belonged to the assignee. It could not, thereafter, assert priority for its own claims in denigration of the assignee’s rights. Having accepted the assignment, Citibank could no longer treat the funds as belonging to NFI, and diminish the assignee’s rights therein.
Upon the documentary evidence presented, it is plain as a matter of law, that plaintiff is entitled to the entire proceeds of the letter of credit, without deduction. Accordingly, plaintiff’s motion for summary judgment for the remaining balance of $812,083.72 together with interest is granted.