■ PAINE WEBBER JACKSON & CURTIS, INC., Respondent, v WILLIAM ARONSON, Appellant.—Order of the Supreme Court, New York County (George Bundy Smith, J.), entered April 15, 1985, which granted plaintiff-respondent's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is unanimously reversed, on the law, and plaintiff-respondent's motion is denied, without costs. The moving and answering papers are deemed the complaint and answer, respectively, in accordance with CPLR 3213.

In October 1983, defendant-appellant William Aronson was employed as a broker by plaintiff-respondent Paine Webber. At the time of his employment Aronson executed a document entitled "Promissory Note." The document stipulated that "for value received" Aronson would pay Paine Webber $120,000, which sum would be due interest free on October 3, 1986. The document, however, also provided that one third of the principal amount would be forgiven on each anniversary of the note if Aronson remained a Paine Webber employee, paid his taxes, and Paine Webber did not exercise its option to accelerate the note. Acceleration was conditioned upon termination of Aronson's employment, his failure to obtain necessary licenses and to meet registration requirements, and upon impairment of his financial responsibility.

In February 1984, Aronson was promoted to vice-president of investments at Paine Webber. He was terminated by Paine

Webber in August of the same year in circumstances that are not entirely clear from the record. In the letter notifying Aronson of his termination, Paine Webber vice-president Paul Steiner demanded payment of the note signed in conjunction with what Steiner referred to as Aronson's "Advance Compensation Agreement." Upon Aronson's failure to return the $120,000 sum, Paine Webber commenced this action by serving a summons and moving for summary judgment in lieu of serving a complaint pursuant to CPLR 3213.

A CPLR 3213 motion for summary judgment is appropriate when "based upon an instrument for the payment of money only" (CPLR 3213). Appellant maintains that the document at issue is not an instrument for the payment of money only and that summary judgment pursuant to CPLR 3213 was, therefore, improperly granted by the court below.

Appellant is correct. Where the action is founded on a document which, although calling for the payment of money, also requires performance of some other condition, summary judgment pursuant to the expedited procedure of CPLR 3213 is inappropriate. (*Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 22.) It is patently apparent that the document at issue does not call for the payment of money only. Indeed, it calls for monetary payment only upon Aronson's failure to complete three years' employment with Paine Webber, or to fulfill other employment related conditions. Although it purports to be a promissory note, the document by its terms more closely resembles an agreement for the provision of services by Aronson to Paine Webber for a three-year period, which if breached by Aronson obligates his return of advanced compensation. This view of the document's intendment is amply supported by Paine Webber's admission that the document was executed in conjunction with Aronson's "Advance Compensation Agreement." That the $120,000 was regarded as advance compensation for services belies any claim that it was extended exclusively as a loan to be unconditionally repaid.

It is apparent that Aronson's obligation to pay any amount on the "note" was conditioned on his status as a Paine Webber employee, which status is impossible to ascertain from the "note" itself. This court has held squarely that "[w]here proof outside the instrument is necessary to establish the underlying obligation, the CPLR 3213 procedure does not apply." (Citations omitted.) (*Maglich, supra,* p 21.) Summary judgment was, therefore, improper under CPLR 3213 because the document upon which such relief was sought was not an instrument for the payment of money only, and for this

reason no prima facie case was made out by proof of the instrument and defendant's failure to make payment thereon. *(See, Maglich, supra, p 21.)*

It is true that the document in question obligates Aronson to pay Paine Webber upon termination "for any reason whatsoever" and that the fact of Aronson's termination is not in dispute. Nonetheless, summary judgment based on the additional fact of Aronson's termination is still unwarranted. It is unclear whether "termination" as used in this context encompasses unilateral termination by Paine Webber or refers simply to voluntary termination by Aronson before the end of his three-year employment term. To accept Paine Webber's interpretation strains credulity since it requires the belief that Aronson agreed to forfeit all compensation for a year's work if Paine Webber "for any reason whatsoever" dismissed him before the year's end. The document's ambiguity in this regard raises a triable issue as to whether Aronson's termination was accomplished under circumstances triggering his obligation to pay. Perhaps evidence of the underlying compensation agreement will clarify this ambiguity. In any case, it is axiomatic that the existence of triable issues of fact precludes summary judgment. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.)

In denying Paine Webber's motion for summary judgment, it should also be noted that Aronson's affidavit in opposition to the motion makes allegations of material misrepresentation against Paine Webber and states that these misrepresentations caused Aronson monetary injury at least equal to Paine Webber's claim on the "note." Asserted as counterclaims, these allegations too would preclude summary judgment. *(Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874.) The factual issues raised by Aronson pertain largely to representations made by Paine Webber during negotiations over the conditions of Aronson's employment. These same representations will be at issue in determining Aronson's obligation under Paine Webber's "promissory note." There will then be common questions of fact making it entirely appropriate for Aronson to assert his counterclaims in the present action. Such counterclaims would raise sufficient factual issues to preclude summary judgment even if summary judgment were otherwise appropriate, which it is not. Concur—Murphy, P. J., Kupferman, Ross, Carro and Lynch, JJ.