■ SONDRA J. STEIN, Appellant, v 615 WEST 130TH STREET CORPORATION, Respondent.—Order of the Supreme Court, New York County (William P. McCooe, J.), entered October 8, 1985, which (1) denied plaintiff-appellant Sondra J. Stein's motion for summary judgment in lieu of a complaint pursuant to CPLR 3213; (2) denied defendant-respondent 615 West 130th Street Corporation's cross motion to dismiss the complaint; and, (3) *sua sponte* gave plaintiff the option of discontinuing the action or having it consolidated with an earlier-commenced suit, unanimously reversed, on the law, with costs, to the extent of granting plaintiff's motion for summary judgment in the amount of $92,500 plus interest computed at the rate of 11% per annum.

In April 1978, plaintiff loaned defendant corporation $7,500 at an interest rate of 10% per annum. The loan was evidenced by a note due in April 1979, which note was secured by a recorded mortgage on premises owned by defendant at 45 West 37th Street in New York City. By its terms the note was not to be orally changed or terminated.

In July 1981, plaintiff left her occupation as a real estate broker to take up employment with the Ruben Bead Importing Company. This company, like defendant corporation, was owned predominantly by plaintiff's mother, Mae Brusser, and had its offices in defendant's premises at 45 West 37th Street. Shortly after joining Ruben Bead, plaintiff extended a second loan to defendant. This loan was for $85,000 at an interest rate of 11% per annum. As with the first loan, this one was evidenced by a one-year note secured by a mortgage on 45 West 37th Street. Oral termination or modification was not permitted.

Although interest payments continued, the principal on the first loan had not yet been repaid in the fall of 1981. At that time the two loans were allegedly consolidated and restructured to raise the interest rate on the first loan to 11% and to provide for weekly interest payments. It is also alleged that the parties agreed to renew the consolidated loan on a year-to-year basis. There is no writing to document these changes but

the parties apparently abided by their understanding until November 1984, when plaintiff left Ruben Bead.

Soon after her departure from Ruben Bead, plaintiff and Axel Pollak, who is not a party to the present suit, commenced an action against Ruben Bead Company and Irving and Mae Brusser. The complaint in that action seeks redress for breach of oral promises made to plaintiff and Pollak regarding the terms of their employment with Ruben Bead and alleges that defendants therein, by means of misrepresentation and fraud, lured them away from more lucrative occupations and thereafter deprived them of the equity in Ruben Bead that was their due. Nowhere in the complaint does plaintiff seek repayment of the above-described loans.

The within action upon the notes evidencing those loans was commenced against 615 West 130th Street Corporation in July 1985 by service of summons and notice of motion for summary judgment in lieu of a complaint pursuant to CPLR 3213. Defendant corporation maintains on appeal, as it did at Special Term, that the action should be dismissed pursuant to CPLR 3211 (a) (4) because it is duplicative of the earlier suit against Ruben Bead Importing Company. It also argues that the action should be dismissed pursuant to CPLR 3211 (a) (7) since it was prematurely commenced, the subject loans allegedly having been renewed until October 1985.

At the outset, it must be observed that defendant does not deny its obligation on the subject notes. Moreover, it appears clear that these notes are, in fact, instruments for the payment of money only and may, therefore, constitute a basis for accelerated judgment pursuant to CPLR 3213. No allegation is made that the notes in question evidence anything but defendant corporation's debt to plaintiff. There is no reason then to delay plaintiff's recovery on the notes pending consideration of the earlier-commenced action against Ruben Bead Importing Company. The issues in that action in no way affect plaintiff's undisputed right to repayment of the loans. Consolidation of the two actions improperly frustrates plaintiff's rightful reliance on CPLR 3213 to obtain expeditious repayment of the money owed her. Further, the two actions may not be consolidated because contrary to the requirement of CPLR 3211 (a) (4), the parties are not the same. The within action is against 615 West 130th Street Corporation, the sole obligor on the notes. Defendants in the earlier suit are Ruben Bead Importing Company and the Brussers, none of whom is obligated on the notes. Although the Brussers are principals of both defen-

dant corporations, that does not render the debt of 615 West 130th Street Corporation transferable.

Turning to defendant's claim that the within action is premature, the validity of this contention is premised upon the parties' alleged oral agreement to renew the notes on a yearly basis. Assuming that such an agreement was reached, it is true, as plaintiff contends, that once performed it is not invalidated by General Obligations Law § 15-301 (1). *(See, Rose v Spa Realty Assoc.,* 42 NY2d 338 [1977].) The record indicates that interest payments on the consolidated loans were made by defendant and accepted by plaintiff through October 1984. Thus it may be that the oral understanding to renew the notes on a year-to-year basis was valid until then. No evidence exists, however, to support defendant's contention that the loans were renewed for the annual period commencing October 1984. If such evidence was extant it was defendant's burden to produce it. *(See, Mills v Ryan,* 41 AD2d 689, 690; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617.) In its absence we are compelled to conclude that there was no agreement to renew the loans between October 1984 and October 1985 and that plaintiff's action upon the notes was timely commenced in July 1985 when defendant was apparently already in default for some nine months.

No further defenses having been advanced by defendant, plaintiff's motion for summary judgment must be granted. Plaintiff may recover of defendant the $92,500 principal amount of the consolidated loans plus interest from November 1, 1984 computed at the rate of 11% per annum. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Ellerin, JJ.