OPINION OF THE COURT
Per Curiam.
Order dated November 14, 2000 modified to grant partial summary judgment to plaintiff on the issue of liability only and to remand the matter for a hearing on the issue of damages; as modified, order affirmed, without costs.
Appeal from order denying reargument entered March 22, 2001 dismissed, without costs, as taken from a nonappealahle order.
Defendants, a law firm and its two principals, applied for and procured an appeal bond in connection with an ultimately unsuccessful appeal from an adverse monetary judgment entered against them, as stakeholders, in a prior lawsuit involving their client’s failed transfer of a parcel of real estate.* In the present action seeking reimbursement for the plaintiff surety’s payments under the appeal bond, plaintiff was properly awarded summary judgment on the liability aspect of the case. The defendants’ attempt to avoid liability under the appeal bond on agency principles was properly rejected, since the record clearly demonstrates that the defendant law firm sought issuance of the appeal bond not as an agent for a disclosed principal (cf., Urban Ct. Reporting v Davis, 158 AD2d 401), but in its capacity as a defendant stakeholder in the underlying litigation, pledging the individual credit of one of its named partners, defendant Goldman.
There exists a triable issue, however, with respect to the contemplated amount of defendants’ indebtedness under the appeal bond, in view of the conflict between the boilerplate *750 terms of the October 22, 1993 bond and defendant Goldman’s letter of that same date, “confirm[ing]” the parties’ alleged agreement to limit defendants’ indemnification obligations “up to” the specified amount of the escrow fund then held by defendants. Since the circumstances and chronology of the issuance and receipt of defendant Goldman’s letter remain unclear on this record, the proper legal effect of the document on the parties’ relationship cannot now be determined with certainty. Indeed, the only evidentiary detail concerning when and why defendant Goldman wrote the October 22, 1993 letter comes from Goldman himself, who alleges that he wrote the “indemnification letter” after defendants submitted their bond application and before plaintiff issued the bond; that the letter was written at the “specific request” of an identified representative (Blaikie) of the plaintiff; and that plaintiff “never objected” to the liability limiting provisions of the letter. Accepting the truth of these allegations, particularly Goldman’s representation that he wrote the “indemnification letter” at plaintiff’s insistence as a condition of plaintiff’s issuance of the appeal bond, it cannot be said on this record that the bond constituted a complete and integrated writing of the type required to invoke the parol evidence rule. Unlike the guaranty at issue in Broten v Bankers Trust Co. (60 NY2d 155, 163), cited by the dissent, the appeal bond here involved was not a “specially drawn document,” but rather a form document which, so far as shown, was intended to incorporate the terms of separate correspondence demanded by the plaintiff itself. Further, considering the defendant law firm’s undisputed status as a stakeholder in the underlying litigation, it would hardly be an “unreasonable result * * * ” (dissenting op, at 751) for plaintiff to have agreed to limit defendants’ liability to the amount of the escrow fund held by defendants at the time the appeal bond was issued (as reflected in the letter that plaintiff itself apparently solicited), and to agree to look to defendants’ client, the party truly aggrieved by the adverse judgment in the underlying lawsuit, for payment of the subsequently accruing judgment interest for which recovery is now sought in this action.
Although the damages issue was not directly raised in defendants’ initial submission opposing summary judgment, we think it appropriate to consider this fundamental issue on appeal since plaintiff had an opportunity to respond to it in the context of defendants’ reargument motion below (see, Held v Kaufman, 91 NY2d 425, 430; Tonkonogy v Seidenberg, 63 AD2d 587).

 Defendants’ client, Tov-Le Realty Corporation, although listed on the appeal bond, is not named as a party defendant in this action.