■ FRANK P. MANGIATORDI, Appellant, v CHRISTOPHER X. MAHER et al., Respondents. [740 NYS2d 114] —In an action commenced by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 12, 2001, as denied his motion for summary judgment in lieu of complaint and granted the defendants' cross motion to consolidate this action with an action entitled *Maher v Mangiatordi,* pending in the Supreme Court, Putnam County, under Index No. 1337/2000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the cross motion is denied as academic.

The plaintiff established his entitlement to summary judgment by submitting proof of a letter agreement in which the defendants acknowledged their indebtedness, and their failure to make payment in accordance with the terms of the agreement (*see East N.Y. Sav. Bank v Baccaray,* 214 AD2d 601, 602; *Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 21).

In opposition to the motion, the defendants failed to demonstrate the existence of a triable issue of fact. They did not deny that they obtained a loan from the plaintiff or that they failed to pay the amount owed. Although they submitted a copy of the letter agreement containing handwritten additions not included in the plaintiff's copy, those changes were not initialed by the parties. In any event, those additions did not alter the defendants' unconditional obligation to make payment by a date certain. Contrary to the defendants' contention, the personal loan to them which was acknowledged in the letter agreement was unrelated to a separate business agreement entered into by the plaintiff, the defendant Christopher X. Maher, and another individual. The pendency of an action commenced by Christopher X. Maher against the plaintiff in the Supreme Court, Putnam County, involving a business dispute, is not a basis for denial of the plaintiff's motion for summary judgment on his unrelated, independent cause of action in the Supreme Court, Westchester County (*see Stein v 615 W. 130th St. Corp.,* 121 AD2d 157; *Maglich v Saxe, Bacon & Bolan, supra*). Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.