Century City Mall, LLC v Waxman (2021 NY Slip Op 02239)





Century City Mall, LLC v Waxman


2021 NY Slip Op 02239


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Index No. 650251/18 Appeal No. 13566-13566A Case No. 2020-02039 2020-02040 

[*1]Century City Mall, LLC, Plaintiff-Respondent,
v
Jonathan Waxman, Defendant-Appellant. 


Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellant.
Blank Rome LLP, New York (John C. Kessler of counsel), for respondent.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered March 5, 2020, awarding plaintiff the total amount of $451,941.30, pursuant to an order, same court and Justice, entered on or about February 14, 2020, which granted plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, and the papers converted to pleadings. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff's motion for summary judgment in lieu of complaint should have been denied. The guaranty was not "absolute and unconditional" and contained no waiver of defenses, as distinguished from the guaranties at issue in Royal Equities Operating, LLC v Rubin (154 AD3d 516 [1st Dept 2017]), relied upon by the motion court. Defendant adequately raised a failure of consideration defense of the underlying obligation, that is, plaintiff's failure to deliver possession of the leased premises to the named tenant, a defense which may be raised even on an unconditional guaranty (Moon 170 Mercer, Inc. v Vella, 169 AD3d 537, 537 [1st Dept 2019]). Further, liability under the guaranty could not be resolved on a motion pursuant to CPLR 3213 because "[w]here proof outside the instrument is necessary to establish the underlying obligation, the CPLR 3213 procedure does not apply" (Maglich v Saxe, Bacon & Bolan, 97 AD2d 19, 21 [1st Dept 1983]). Here, because defendant did not waive any defenses in the guaranty, proof outside the guaranty — competent evidence showing that plaintiff delivered possession to the named tenant and not another entity — was necessary to establish defendant's liability (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021