■ F. H. LOEFFLER CO., INC., Appellant, v. ELIZABETH J. PORT, Doing Business as CONTINENTAL SCHOOL OF BEAUTY CULTURE OF ELMIRA, LTD., Respondent. (Action No. 1.) CONTINENTAL SCHOOL OF BEAUTY CULTURE LTD., Appellant, v. ELIZABETH J. PORT, Doing Business as CONTINENTAL SCHOOL OF BEAUTY CULTURE OF ELMIRA, LTD., Respondent. (Action No. 2.) CONTINENTAL SCHOOL OF BEAUTY CULTURE LTD., Appellant, v. ELIZABETH J. PORT, Doing Business as CONTINENTAL SCHOOL OF BEAUTY CULTURE OF ELMIRA, LTD., Respondent. (Action No. 3.)— Appeal from an order of the County Court of Chemung County, entered September 10, 1971, which denied plaintiffs' motions for summary judgment in Action Nos. 1 and 2, and ordered the consolidation of the three actions for trial. On or about the 16th day of December, 1966 defendant entered into a licensing agreement with Continental School of Beauty Culture, Ltd., the plaintiff in Action Nos. 2 and 3, whereby defendant was given the exclusive right to teach the hairdressing technique known as the "Continental Method" in a designated area. On May 10, June 13 and July 14, 1967 Continental delivered checks in the amounts of $600, $700 and $600 to defendant who on the same dates made, executed and delivered to Continental her notes payable on September 15, 1967 in the respective amounts.

On June 13, 1967 defendant made, executed and delivered two notes to F. H. Loeffler Co., Inc., the first in the amount of $673.22 and bearing a notation indicating that it was related to May and June rent and decorating in the amount of $373.22. The second note was in the amount of $300 and bears the notation "rent". Both notes were payable September 15, 1967. On or about March 26, 1971 plaintiff in Action No. 1 and plaintiff in Action No. 2 commenced an action to recover the amount of their notes by the service of a summons and notice of motion for summary judgment pursuant to CPLR 3213. On or about June 16, 1971 defendant served answering affidavits in each action containing a general denial; a defense of a failure of consideration by the plaintiff in that the notes were given in relation to the licensing agreement between Continental and defendant, and that Continental had not performed its agreement; a defense that by express agreement between the parties the notes were not to be due until such time as defendant was able to pay them; and three counterclaims based upon the licensing agreement. On or about March 26, 1971 plaintiff in Action No. 2 also commenced another action (Action No. 3) to recover the sum of $1,563.80 for goods sold and delivered to defendant which action was commenced by the service of a summons and complaint. Defendant's answer to this complaint consists of a general denial, a defense of payment, and the same three counterclaims set forth in the answering affidavits in Action Nos. 1 and 2. Upon the service of the answer and answering affidavits, defendant moved for an order consolidating the three actions for trial on the ground that common questions of law and fact are involved. The County Court denied the motions for summary judgment and granted the motion for consolidation. Appellants contend that there are no issues of fact raised by the answering affidavits in Action Nos. 1 and 2, and that summary judgment should have been granted in those actions. The general denial in the answering affidavits is insufficient to raise a triable issue of fact. (*Iandoli* v. *Lange*, 35 A D 2d 793.) The defense of no consideration based upon a breach of the licensing agreement between plaintiff in Action No. 2 and defendant raises no issue in the action by plaintiff in Action No. 1 since that plaintiff was not a party to the agreement. Defendant does not explain why the checks annexed to the notice of motion, which are dated the same day as the notes and in the same amounts and payable to defendant, do not constitute consideration for the notes. The defense of an expressed agreement between the parties that the notes were not to be due until defendant was able to pay them is equally insufficient. Not only is the defense devoid of any evidentiary facts to support it, it is also an attempt to vary a written instrument by parol evidence which is inadmissible under the parol evidence rule. (*Leumi Fin. Corp.* v. *Richter*, 17 N Y 2d 166.) The three counterclaims being based upon the licensing agreement between defendant and Continental and, plaintiff in Action No. 1, not being a party to such agreement, there is no basis of recovery by defendant against F. H. Leoffler Co., Inc., under the facts pleaded. As to F. H. Leoffler Co., Inc., these counterclaims should be dismissed. The assertion of a counterclaim does not bar summary judgment for a plaintiff who is otherwise entitled to it. (*M & S Mercury Air Conditioning Corp.* v. *Rodolitz*, 24 A D 2d 873.) There being no valid defense on the notes in Action No. 2, the counterclaims asserted therein should not preclude the granting of summary judgment. Since a third action is pending between the parties wherein the counterclaims are asserted, the action on the counterclaims should be litigated on the trial of Action No. 3. The order of the County Court must, therefore, be modified as to grant summary judgment to plaintiffs in Action Nos. 1 and 2, and dismiss the counterclaims in Action No. 1; to sever the counter-

claims in Action No. 2; and consolidate the action on the counterclaims with Action No. 3 for trial. Order modified, on the law and the facts, so as to grant summary judgment to plaintiffs in Action Nos. 1 and 2 and dismiss the counterclaims in Action No. 1; to sever the counterclaims in Action No. 2, and consolidate the action on the counterclaims with Action No. 3 for trial, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.