■ CHASE MANHATTAN BANK, N. A., Appellant-Respondent, v ELLIOTT S. KAHN et al., Respondents-Appellants, and HARVEY L. ORNER, Respondent. —Order, Supreme Court, New York County, entered June 22, 1978, and the judgment entered thereon July 21, 1978, modified, on the law, to the extent of granting plaintiff's motion for summary judgment in lieu of complaint against defendant Orner, and otherwise affirmed, without costs and without disbursements. Defendants Kahn, Berman and Orner, officers of Todd Equipment Leasing Company, Inc. (Todd), and sole owners of the stock of Geneva Financial Corp., which owned the stock of Todd, executed unconditional guarantees of payment of the indebtedness of Todd under a loan agreement with plaintiff. The guarantees by Orner and Berman were executed on December 2, 1974, one day prior to the Todd loan agreement and note, signed by Kahn, as president of Todd. Kahn's guarantee was also executed on December 3, 1974. Upon Todd's default on the loan, plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Special Term granted the motion as against Kahn and Berman, finding that no genuine triable issue had been raised, but denied summary relief against Orner, holding that Orner's contention that "his guarantee was a conditional one on a condition which has been satisfied rendering such guarantee without force and effect" raised a triable issue sufficient to preclude summary relief. We disagree with Special Term's disposition insofar as Orner is concerned. Essentially, Orner claims that his guarantee, although by its terms unconditional, was to be canceled and returned to him upon execution of the note by Kahn, as president of Todd, and upon delivery of Kahn's personal guarantee. Contrary to the conclusion reached by Special Term, proof of such alleged oral condition subsequent relied upon by Orner is inadmissible under the parol evidence rule to vary the plain terms of the unconditional guarantee executed by him. In essence he offers to prove by parol that the guarantee was enforceable as written when executed and delivered but was discharged because of the execution and delivery of the note and Kahn's written guarantee. Such oral proof cannot be availed of to effect a release of Orner's obligations under the guarantee and is insufficient to raise a triable issue of fact. *(Leumi Fin. Corp. v Richter,* 17 NY2d 166; *Jamestown Business Coll. Assn. v Allen,* 172 NY 291; *Community Nat. Bank & Trust Co. of N. Y. v Intercoastal Trading Corp.,* 55 AD2d 525.) Accordingly, plaintiff's motion for summary judgment in lieu of complaint against Orner should have been granted. We are in agreement, however, with Special Term's disposition granting summary relief to plaintiff against Kahn and Berman. Neither defendant raised a genuine triable issue. Their assertion that there was a subsequent "workout" arrangement between plaintiff and Todd is legally insufficient to

preclude summary disposition. The guarantees provide "that from time to time, without notice to or further consent of the undersigned [guarantor], the performance * * * by the Borrower of the Credit Arrangement may be waived or the time of performance thereof extended by the Bank, and payment of the obligation hereby guaranteed may be accelerated in accordance with any agreement between the Bank and the Borrower or may be extended * * * or any collateral therefor may be exchanged, surrendered or otherwise dealt with as the Bank may determine * * * all without affecting the liability of the undersigned [guarantor] hereunder." Moreover, no affirmative proof is offered by either Kahn or Berman that such an arrangement for a payout or "work-out" in any way reduced or discharged the underlying obligation in whole or in part or that an arrangement for the "work-out" of the obligation had been reached between Todd and Chase, other than by general conclusory assertions, which are insufficient in opposition to a motion for summary judgment. (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259.) Nor is the fact that the loan agreement was executed subsequent to the execution of the guarantees by Berman and Orner either dispositive or controlling. Under the circumstances, the one day interval does not preclude summary relief. It is clear that the guarantees were issued to secure the principal obligation of Todd under the loan agreement, which was executed simultaneously with the guarantees, despite the 24-hour time differential. The 24-hour period between issuance of the guarantees and execution of the loan agreement serves to reinforce the conclusion that the guarantees were given to induce the loan and were intended as security for Todd's indebtedness to plaintiff. Concur—Birns, Fein, Lane and Sandler, JJ. Kupferman, J. P., dissents in part and would affirm.