■ EVELYN KORNFELD et al., Respondents, v NRX TECHNOLOGIES, INC., et al., Appellants. — Order, Supreme Court, New York County (Martin Evans, J.), entered October 19, 1982, granting plaintiffs' motion for summary judgment in lieu of complaint against the corporate defendant and directing an immediate trial as to the individual defendant guarantors, unanimously modified, on the law, with costs and disbursements, to grant plaintiffs' motion for summary judgment in lieu of complaint as against the individual defendants, and otherwise affirmed. Appeal from the order (Klein, J.), entered December 16, 1982, granting plaintiffs' motion for a protective order, vacating defendants' notices to take plaintiffs' deposition and denying defendants' motion to strike the case from the calendar, dismissed as academic, without costs or disbursements. We are in agreement that Special Term properly granted summary judgment in lieu of complaint as against the corporate defendant. The series of notes which had been issued, beginning in November of 1980, constituted instruments for the payment of money only within the terms of CPLR 3213. Each of the notes contains an unconditional promise to pay the principal amount due on May 24, 1983, with annual interest to be paid quarterly at the rate of 16%. The default in the payment of interest due January 1, 1982, accelerated the principal sums. Contrary to the claim by appellants, the fact that the notes contained subordination clauses does not in any respect affect either the unconditional nature of the obligation or the right to institute an

appropriate proceeding upon default, in accordance with the terms of the notes (*Standard Brands v Straile*, 23 AD2d 363, 366). Any question in terms of priority as to the rights of the plaintiffs as against other creditors has no bearing upon the plaintiffs' right to judgment as against the individual and corporate defendants. Neither is the character of the notes altered as a result of another provision affording to plaintiffs the right to convert the notes into common stock at any time prior to the due date. This does not materially alter the nature of the instruments and they remain instruments for the payment of money only (see *Horne v Law Research Serv.*, 35 AD2d 931, affd 28 NY2d 969). A prima facie case has been made by proof of the notes and the failure to make payment in accordance with their terms (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, affd 29 NY2d 617). The notes provide for payment as of the due date, but permit acceleration upon default in the payment of interest. This right to accelerate likewise does not change the nature of the instruments. Defendants may not validly contend that the notes were never to be paid and that the transaction was essentially an investment. Any such proof, which is at complete variance with the terms of the written instruments, would be inadmissible under the parol evidence rule (*Loeffler Co. v Port*, 40 AD2d 900; *Chase Manhattan Bank, N. A. v Kahn*, 66 AD2d 704). We are also in agreement that Special Term erred in not granting summary judgment in lieu of complaint as against the individual defendants on their guarantees. On their face, the guarantees state unconditional promises to pay. The record unmistakeably refutes the conclusory assertions by defendants offered to raise a triable issue of fact. The guarantees are admitted in reports to the Securities and Exchange Commission, thus dispelling the assertion that the guarantees were unauthorized or did not cover these notes. Although it is claimed that the guarantees were not personally delivered to plaintiffs, it clearly appears that the actual delivery was by defendants' attorneys as their representatives. To defeat a motion for summary judgment, whether brought under CPLR 3212 or in lieu of complaint under CPLR 3213, the opposing party must assemble and lay bare its affirmative proof to demonstrate that genuine triable issues of fact exist (*Chase Manhattan Bank, N.A. v Kahn, supra; Federal Deposit Ins. Corp. v A-Leet Commercial Servs.*, 70 AD2d 627). A bona fide triable issue must be established (*Two Clinton Sq. Corp. v Gorin Stores*, 51 AD2d 643) and reliance upon mere suspicion or surmise is insufficient for this purpose (*Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338). Similarly, the issue must be shown to be real, not feigned since a sham or frivolous issue will not preclude summary relief (*Sprung v Jaffe*, 3 NY2d 539, 543). In this case, the record persuasively and unmistakeably reflects that the unsubstantiated assertions offered in opposition to the motion are neither genuine nor real. They are frivolous, clearly refuted by documentary proof which had been offered. Although plaintiffs did not cross-appeal, we are empowered to search the record and, where warranted, to grant summary judgment where appropriate. (*Davis v Shelton*, 33 AD2d 707; *Flaks, Zaslow & Co. v Bank Computer Network Corp.*, 66 AD2d 363; *Carroll v New York Prop. Ins. Underwriting Assn.*, 88 AD2d 527; *Wehringer v Helmsley-Spear, Inc.*, 91 AD2d 585.) This is such a case. Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.