■ NATIONAL BANK OF NEW YORK CITY, Respondent, v ESI GROUP, INC., et al., Appellants.—In an action to recover on certain promissory notes, the defendants appeal from a judgment of the Supreme Court, Queens County (Levine, J.), dated September 7, 1988, which, upon an order of the same court dated August 17, 1988, granting the plaintiff's cross motion for

summary judgment, is in favor of the plaintiff and against them. The defendants' notice of appeal from the order dated August 17, 1988, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The evidence adduced by the plaintiff in support of its cross motion for summary judgment established that each of the defendants was in default, either as a debtor or as a guarantor, with respect to several promissory notes. The defendants' principal argument is that the representatives of the plaintiff had orally promised to extend the due date specified in the various notes. It is, however, well established that proof of such an oral promise may not serve as the basis for contradicting the express terms of the instruments themselves. "Defendants' claim that plaintiff bank orally agreed to a[n] * * * extension of the note[s] beyond [their] due date contradicts the express terms of the instrument[s] * * * and is therefore unavailable because it would violate the parol evidence rule" *(American Bank & Trust Co. v Computer Prods.,* 36 AD2d 525; *see also, Leumi Fin. Corp. v Richter,* 17 NY2d 166, 173; *Central Hanover Bank & Trust Co. v Duffy,* 258 NY 600; *Jamestown Business Coll. Assn. v Allen,* 172 NY 291; *Thomas v Scutt,* 127 NY 133; *Marine Midland Bank v Kenney Plumbing,* 125 AD2d 969; *Metropolitan Bank v Brennan,* 48 AD2d 254; *Loeffler Co. v Port,* 40 AD2d 900; *Franklin Natl. Bank v Wall St. Commercial Corp.,* 21 AD2d 878, *affg* 40 Misc 2d 1003; *Camardella v Eastern Parkway Roller Skating Rink,* 271 App Div 985; 81 NY Jur 2d, Negotiable Instruments and Other Commercial Paper, § 758). The Supreme Court was therefore correct in granting summary judgment to the plaintiff on this issue.

We have examined the defendants' remaining contentions, and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.