■ GENE RUDER, Appellant, v HENRY LEWANDOWSKI et al., Respondents.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 3, 1989, which, *inter alia,* denied plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, to the extent appealed from, on the law, and plaintiff's motion for summary judgment is granted, with costs. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $50,000 with interest from February 8, 1989 at 7% per annum, with costs.

Plaintiff sues to recover on a $50,000 promissory note executed on December 22, 1986 by defendant Henry Lewandowski and guaranteed by defendant Richard M. Lipsman. In opposition to plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213), defendants urged that the purpose of the note was to afford plaintiff evidence of an investment in HLV Realty Corp., of which both defendants are officers and directors, and that the note was satisfied in full by the grant to plaintiff of an equity interest in HLV common stock pursuant to a nominee agreement dated February 25, 1987. There is nothing in that agreement making reference to the promissory note, so that agreement may not serve as an agreement modifying the defendants' obligations pursuant to UCC 3-119 (1). *(See, Federal Deposit Ins. Corp. v Borne,* 599 F Supp 891, 894.)

Moreover, an agreement dated June 16, 1988, signed by plaintiff and Lewandowski, explicitly confirms that the note in question was still payable to the plaintiff, and that the HLV shares were pledged to plaintiff as collateral security for repayment of the note. Acceptance of the defendants' version of the transaction would require the admission of parol evi-

dence contradicting the terms of the note, which are confirmed by the June 16, 1988 agreement. Such evidence is not admissible *(Leumi Fin. Corp. v Richter,* 17 NY2d 166, 173; *Manufacturers Hanover Trust Co. v Margolis,* 115 AD2d 406; *Chase Manhattan Bank v Kahn,* 66 AD2d 704; *Loeffler Co. v Port,* 40 AD2d 900). Accordingly, plaintiff's motion for summary judgment in lieu of complaint should have been granted. Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.