AMALGAMATED SERVICE & ALLIED INDUSTRIES JOINT BOARD, et al., Plaintiffs,

v.

SUPREME HAND LAUNDRY, INC., et al., Defendants.

No. 94 Civ. 2904(MGC).

United States District Court, S.D. New York.

Aug. 14, 1998.

Vladeck, Waldman, Elias & Engelhard, P.C., by Larry Cary, Nicole E. Toran, New York City, for Plaintiffs.

Ferber Greilsheimer Chan & Essner, by Robert N. Chan, New York City, for 2350 Fifth Avenue Corp.

## OPINION

CEDARBAUM, District Judge.

Plaintiffs sue defendants for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"). Plaintiffs move for entry of a default judgment against defendants Supreme Hand Laundry, Inc., Budge–Wood Laundry Service, Inc., Trousseau Laundry Corp., Sylvia Gray Cleaners, Inc., Grandview Cleaners Corp., and 2350 Laundry and Dry Cleaning (the "Karten defendants"). In addition, defendant 2350 Fifth Avenue Corp. moves to amend its answer to plead a good faith violation of the WARN Act pursuant to 29 U.S.C. § 2104(a)(4). For the reasons that follow, plaintiffs' motion for entry of a partial judgment is granted and defendant 2350 Fifth Avenue's motion to amend its answer is denied.

### Background

Plaintiffs served the summons and complaint on all defendants on July 8, 1994. The complaint alleges that defendant Supreme Hand Laundry "dominated and controlled" the numerous named defendants, that all the defendants were one "employer" under the WARN Act, and that all defendants were jointly and severally liable. (Compl. ¶¶ 12–14; at 8, "Prayer for Relief.")

The Karten defendants and defendant 2350 Fifth Avenue Corp. answered on August 25, 1994. (Cary Aff., Exs. B, C.) In their answer, the Karten defendants asserted that proper notice had been given under the WARN Act. (Karten Def. Answer ¶ 8.) In its answer, 2350 Fifth Avenue denied that it was dominated and controlled by Supreme Hand Laundry and that it was an employer under the WARN Act. (2350 Fifth Avenue Answer ¶¶ 3, 13–16.) 2350 Fifth Avenue did not assert that proper notice had been given under the WARN Act. No defendant disputed that its liability under the WARN Act could be joint and several, and no answer alleged that any violation of the WARN Act had been committed in good faith.

By Order dated October 9, 1996, Joseph Karten, Esq., the sole shareholder of four of his clients, was disqualified from representing the Karten defendants. *See Amalgamated Services and Allied Industries Joint Board v. Supreme Hand Laundry, Inc.,* 1996 WL 583351 (S.D.N.Y. Oct. 9, 1996). Karten was disqualified under the advocate-witness rule. The record showed that Karten's testimony was necessary to establish the corporate relationships among the defendants and his clients' affirmative defense. Further, the record established that it was likely that Karten's testimony would be prejudicial to the Karten defendants. Accordingly, Karten

was disqualified. *Amalgamated Services,* 1996 WL 583351, at \*3–6.

By an Order dated October 28, 1996, the Karten defendants were instructed that a corporation cannot appear without counsel and that "unless new counsel files a notice of appearance by December 1, 1996, these corporate defendants will be in default." To date, no new counsel has filed a notice of appearance for the Karten defendants.

Plaintiffs have moved for a default judgment against the Karten defendants by notice of motion. 2350 Fifth Avenue opposes the motion on the ground that entry of a default judgment against the Karten defendants is inappropriate under the standards of Fed.R.Civ.P. 54(b). In its first set of opposition papers, 2350 Fifth Avenue also moved to amend its answer to assert that proper notice had been given under the WARN Act. (2350 Fifth Avenue "Notice of Cross–Motion," Ex. A, "Proposed Amended Answer," ¶¶ 17–21.)

After oral argument of the motions, I denied the belated motion to amend on the ground that such an amendment would have unfairly prejudiced plaintiffs and was, in any event, futile. (Transcript of Oral Argument of Nov. 3, 1997, at 22–25.)

2350 Fifth Avenue then raised the possibility of a different amendment, namely amending its answer to assert good faith under 29 U.S.C. § 2104(a)(4). Section 2104(a)(4) provides: "If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section." 29 U.S.C. § 2104(a)(4). Both parties were directed to brief this very belated proposed amendment.

### Discussion
#### The Motion for Default Judgment

It is undisputed that the Karten defendants are in default. *See Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir.1991) (failure to obtain counsel may constitute a failure to "otherwise defend" within the meaning of Fed.R.Civ.P. 55(a)).

A district court may direct entry of a final judgment as to fewer than all of the parties upon an express determination that there is no just reason for delay. Fed.R.Civ.P. 54(b).

Prior to determining whether there is no just reason for delay, the trial court must ensure that the judgment is "final" within the meaning of Rule 54(b). *See Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Moreover, the court must ensure that the claim upon which final judgment is being entered is separable and extricable from any remaining claim. *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1026 (2d Cir.1992); *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1096 (2d Cir.1992).

#### 1. *Final judgment*

The decision of a court is final if it ends litigation of a claim and leaves nothing for the court to do with that claim other than to execute the judgment. *Ginett,* 962 F.2d at 1092.

Damages under the WARN Act are the amount of back pay and benefits minus wages or other remuneration actually paid during the period of violation, up to a maximum of sixty days. 29 U.S.C. § 2104(a)(1), (2). Plaintiffs have submitted documents that establish statutory damages for back pay in the amount of $501,565.23. (Toran Aff. ¶¶ 13, 15; Razo Aff. ¶¶ 1–5.)

Because damages are for a sum certain set by statute and liability is established by default, nothing remains to be done on the claim against the Karten defendants other than entry and execution of judgment. The decision against the Karten defendants is final.

#### 2. *Separable and extricable*

Analysis of whether a claim is separable and extricable from another within the meaning of Rule 54(b) focuses on the effect of an immediate appeal from the entry of the judgment. Under Rule 54(b), a claim is inseparable from a remaining claim—and thus

inappropriate for entry of final judgment—if the appellate court would necessarily have to reach the merits of the remaining claim or the district court's disposition of the remaining claim could render moot the appellate determination of the appealed claim. *Ginett*, 962 F.2d at 1095.

In this case, the only material issue that will remain after judgment is entered against the Karten defendants is the nature of the relationship between the Karten defendants and 2350 Fifth Avenue. Determination of that question will not affect the liability or damages determination with respect to the Karten defendants. So too, if the Karten defendants appeal, the Second Circuit will not need to reach the merits of the claim against 2350 Fifth Avenue. Nor could litigation of the claim against 2350 Fifth Avenue moot an appeal by the Karten defendants. Accordingly, the claim against the Karten defendants is separable from the claim against 2350 Fifth Avenue.

### 3. *No just reason for delay*

■ Generally, a district court may properly find that there is no just reason for delay only when delay would cause hardship or injustice that would be alleviated by entry of a final judgment. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir.1997).

■ In this case, further delay of entry of judgment against the Karten defendants would cause hardship and injustice. The employees of the Karten defendants were terminated on November 2, 1993, more than four and one-half years ago. (Toran Aff. ¶ 6.) The default now determines the Karten defendants' liability under the WARN Act. Further, in support of their motion, plaintiffs allege ongoing financial transactions that may affect the solvency of Joseph Karten and the Karten defendants. (Cary Aff. ¶¶ 34–39.) These undisputed facts support entry of a final judgment under Rule 54(b).

### The Motion to Amend

■ 2350 Fifth Avenue defended this action for more than three years on the theory that it was not dominated or controlled by defendant Supreme Hand Laundry and therefore was not an employer under the WARN Act. For more than three years, no defendant—including the Karten defendants—raised a good faith defense. Even after Karten was disqualified on October 6, 1996, 2350 Fifth Avenue made no application to assert a new defense. Only after plaintiffs moved for a default judgment against the Karten defendants did 2350 Fifth Avenue move to amend its answer. Faced with the impending judgment against the Karten defendants, 2350 Fifth Avenue belatedly attempts to assert a new defense, namely good faith. 2350 Fifth Avenue's actions show a pattern of delay.

Further, if 2350 Fifth Avenue were permitted to amend its answer to assert a good faith violation of the WARN Act, the resulting possibility of a reduction in statutory damages pursuant to 29 U.S.C. § 2104(a)(4) would create the risk of inconsistent damage awards between 2350 Fifth Avenue and the Karten defendants. This possibility would delay entry of final judgment against the Karten defendants until 2350 Fifth Avenue's defenses were fully litigated. *See Montcalm Publishing Corp. v. Ryan*, 807 F.Supp. 975, 978 (S.D.N.Y.1992) (delay in the entry of judgment against defaulting defendants is warranted if possibility of inconsistent damage awards exists with regard to the non-defaulting defendants; "the amount of damages which plaintiff may recover from defaulting and non-defaulting defendants should not differ") (following *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1324 (7th Cir.1983)).

In sum, the main effect of allowing the very belated amendment proposed by 2350 Fifth Avenue would be to further delay entry of final judgment against the Karten defendants. It is unnecessary to decide whether such delay is the purpose of the proposed amendment as well as its effect. It is clear that further delay would unfairly prejudice plaintiffs.

The apparent futility of 2350 Fifth Avenue's motion to amend supports the conclusion that the motion is unfairly dilatory. Under the WARN Act, an employer must give at least sixty-days written notice of a plant

closing or mass layoff unless a statutory exception applies. *See* 29 U.S.C. § 2102(a), (b). In a case in which a statutory exception applies, the employer still must give "as much notice as is practicable." 29 U.S.C. § 2102(b)(3).

In this case, written notice was given two days after the employees were discharged. Thus, there appears to be no reasonable possibility that the WARN Act was violated in "good faith" within the meaning of 29 U.S.C. § 2104(a)(4). *See Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir.1995) (affirming denial of request to amend complaint because request was untimely and "appears to be futile").

*Attorneys' Fees*

The WARN Act authorizes the district court to award reasonable attorneys' fees to the prevailing party "as part of the costs." 29 U.S.C. § 2104(a)(6). Plaintiffs are the prevailing party. The attorneys' fees applied for are supported by contemporaneous time records and are fair and reasonable. Accordingly, the default judgment shall include attorneys' fees in the amount of $113,231.25 together with expenses of $8,618.65.

*Conclusion*

Entry of a final judgment against the Karten defendants will allow plaintiffs to recover on claims that have been pending for more than four and one-half years and have been uncontested for more than one and one-half years. Under the circumstances of this case, there is no just reason to delay entry of final judgment against the Karten defendants.

For the foregoing reasons, plaintiffs' motion is granted and the motion of 2350 Fifth Avenue to amend its answer is denied. The Clerk is directed to enter Judgment for the plaintiffs and against the Karten defendants in the amount of $623,415.13, including costs and attorneys' fees.

SO ORDERED.

*ORDER*

Plaintiffs and 2350 Fifth Avenue have agreed to dismiss the complaint as against Laundry Joint Venture with prejudice and without costs. See Transcript of Oral Argument of Nov. 3, 1997, at 19.

In addition, the Clerk is directed to dismiss the complaint as against defendants Mme. W. Wilton Laundry, Inc., New Amsterdam Laundry, Theo Cleaners d/b/a Van Gogh Cleaners, Mme. Bieber Hand Laundry, Madison French Hand Laundry, Swiss American Hand Laundry, Inc., and Miss Sayres Laundry with prejudice and without costs.

SO ORDERED.