**John S. PEREIRA, as Trustee of Trace International Holdings, Inc. and Trace Foam Sub, Inc., Plaintiff,**

v.

**Marshall S. COGAN, Saul S. Sherman, Andrea Farace, Frederick Marcus, Robert H. Nelson, Philip Smith, Karl Winters, Tambra King Defendants.**

No. 00 Civ.619 RWS.

United States District Court, S.D. New York.

March 21, 2002.

LeBoeuf, Lamb, Greene, & MacRae, L.L.P., New York City, By: John P. Campo, Theodore J. Fischkin, Amy S. Zabetakis, of counsel, for Plaintiff.

Salomon Green & Ostrow, P.C., Attorneys for Defendant Marshall S. Cogan New York City, By: Chester B. Salomon, of counsel, for Defendant Marshall S. Cogan.

Swidler Berlin Shereff Friedman, LLP, Saul S. Sherman, and Frederick Marcus, New York City, By: Shalom Jacob, of counsel, for Defendants Andrea Farace, Saul S. Sherman and Frederick Marcus.

Piper Marbury Rudnick & Wolfe, LLP, New York City, By: Robert A. Meister, of counsel, for Defendants Robert H. Nelson, Philip Smith, Karl Winters and Tambra King.

## OPINION

SWEET, District Judge.

Plaintiff, John S. Pereira, as Chapter 7 Trustee (the "Trustee") of Trace International Holdings, Inc. ("Trace"), has moved, pursuant to Fed.R.Civ.P. 54(b), for the entry of a final judgment against defendant Marshall S. Cogan ("Cogan") on Count I of the second amended complaint (the "Complaint"). The Trustee also seeks a stay of the judgment, pursuant to Fed. R.Civ.P. 62(h), on condition that Cogan pay the judgment into Court, pending the outcome of this action or post a suitable bond. For the reasons stated, the Trustee's motion is granted.

### Parties and Prior Proceedings

The parties to this action as well as the prior proceedings relevant to this motion are described in the prior opinions of this Court, familiarity with which is presumed. *See Pereira v. Cogan,* 267 B.R. 500 (S.D.N.Y.2001) (the "Summary Judgment

Opinion"); *Pereira v. Cogan*, No. 00 Civ. 619, 2001 WL 243537 (S.D.N.Y., Mar.8, 2001).

This Court recently granted the Trustee's motion for partial summary judgment and held, *inter alia*, that Cogan is liable on eight promissory notes. *See* Summary Judgment Opinion at 33. This motion now seeks entry of judgment on those amounts.

### Entry of Judgment is Appropriate

Under Rule 54(b), the entry of a partial judgment is authorized when an action involves multiple claims or multiple parties, and there is "no just reason for delay" concerning an already decided claim on which judgment is sought. This action does involve multiple claims and multiple parties. Thus the Trustee must satisfy the "no just reason for delay" standard.

■ Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings. *Bowne of New York City v. AmBase Corp.*, 161 F.R.D. 270, 274 (S.D.N.Y.1995); *Lone Star Ind. v. Nelstad Material Corp.*, 1993 WL 120376 at *1, 1993 U.S. Dist LEXIS 4919 at *1 (S.D.N.Y. Apr. 14, 1993); *Log Plastics Prod. v. Robert Linkletter Assoc.*, No. 87 Civ. 3482, 1988 WL 68178 (S.D.N.Y. June 20, 1988); *T.S.I. 27, Inc. v. Berman Enterprises, Inc.*, 115 F.R.D. 252, 256 (S.D.N.Y.1987); *see also, Amalgamated Serv. & Allied Indus. Joint Board v. Supreme Hand Laundry, Inc.*, 182 F.R.D. 65, 68 (S.D.N.Y.1998).

Here, Cogan has not disputed that he is insolvent. "Certification [under Rule 54(b) ] is appropriate here if the equitable factors favor [plaintiff]. Typically they do, when the party seeks to certify a judgment on a promissory note. The lender, having established his right to collect, has an interest in a prompt enforceable judgment.

[citation omitted]. When the debtor's financial position is precarious, the weight of that interest is increased, since waiting until the trial is over may make the right to collect worthless." *Prudential Ins. Co. v. Curt Bullock Builders, Inc.*, 626 F.Supp. 159, 169 (N.D.Ill.1985). Cogan contends that the Trustee is not the equivalent of a "lender" in this case, since he is not a holder in due course of the notes which the Trustee seeks to enforce. Even assuming that position is correct, however, it does not change the fact that the Trustee nonetheless has at least as great an interest as a holder in due course of the notes, since he is a fiduciary who must protect the interests of numerous creditors of Trace.

■ Cogan's concern that entry of a final judgment pursuant to Rule 54(b) creates the possibility of duplicative appeals and thus is not in the interest of sound judicial administration is well taken. "[A] district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), *quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297. Recognizing this difficulty, however, the Trustee has suggested that a stay of execution be entered pursuant to Rule 62(h), Fed.R.Civ.P., ordering payment into court which would moot the appealability of the final judgment.

### Payment Into Court

■ When summary judgment has been awarded against a defendant who is insolvent but may have unresolved offsets, the court may require payment of the judgment amount into court pending the

outcome of the case. *See, e.g., Bowne of New York City v. AmBase Corp.,* 161 F.R.D. 270, 274 (S.D.N.Y.1995). A Rule 54(b) judgment may be entered but stayed, pursuant to Rule 62(h), on condition that the judgment debtor complies with the order to make payment into court. *Id.* As stated by the court in *Bowne:*

> The Supreme Court has suggested that where Rule 54(b) certification is appropriate, courts can protect all parties against the uncertainties posed by the possibility of a large setoff and by the possibility of the insolvency of a judgment debtor by "having the losing party deposit the amount of the judgment with the court, [and] directing the Clerk to purchase high yield government obligations and to hold them pending the outcome of the case." *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, at 13 n. 3, 100 S.Ct. 1460, 1467 n. 13, 64 L.Ed.2d 1 (1980). This course has been followed by several district courts in cases resembling this case, *see, e.g., Log Plastic Prods. v. Robert Linkletter Assoc., Inc.,* No. 87 Civ. 3482, 1988 WL 68178 (S.D.N.Y. June 20, 1988) (Kram, J.); *In re Bulldog Trucking, Inc. v. E.I. Du Pont De Nemours & Co.,* 173 B.R. 517 (W.D.N.C.1994), and is appropriate in this case.

*Id.* at 274.

■ Additionally, the Rule 62(h) stay moots the need for appellate proceedings over the Rule 54(b) judgment. *Log Plastic Prod. v. Robert Linkletter Assoc.,* No. 87 Civ. 3482, 1988 WL 68178 (S.D.N.Y. June 20, 1988); *see also Masson v. New Yorker Mag., Inc.,* 832 F.Supp. 1350, 1376–77 (N.D.Cal.1993), *aff'd,* 85 F.3d 1394 (9th Cir.1996). The Trustee here seeks just this remedy. Since Cogan has stated in an affidavit sworn to November 29, 2001 that he is insolvent, the foundation for that remedy is satisfied.

Cogan attempts to distinguish the cases cited above on the basis that the judgment at issue in each case was well under the close to $20 million at issue here. However, there is no indication that the amount of the judgment at issue in those cases was a pivotal issue. No two cases are ever exactly alike in their facts, and Cogan points to no decisional language undercutting the basic point that insolvency drove the Rule 54(b) disposition. Furthermore, in *Bowne,* the judgment debtor's alleged offsets far exceeded the final judgment ordered paid into court by nearly 40 to 1. Here, Cogan's alleged offsets are roughly equivalent to the amount rightfully owed under the notes that were the subject of the Summary Judgment Opinion.

Therefore, a final judgment will be entered pursuant to Rule 54(b). Since the issue of appealability is mooted by the Rule 62(h) stay, as detailed above, Cogan's arguments regarding duplicative appeals are not material to the considerations of sound judicial administration.

■ Finally, Cogan contends that if a stay of enforcement is imposed, he should not be required to post a bond or make a payment into court. In fashioning a stay of enforcement, the court "look[s] to general equitable principles." *Texaco, Inc. v. Pennzoil, Co.,* 784 F.2d 1133, 1154 (2d Cir.1986), *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Something less than a full supersedeas bond or no bond at all may be ordered "when the creditor's interest, due to unusual circumstances, would not be unduly endangered." *Id.* at 1155. Here, the basis for ordering relief in the first instance is Cogan's professed insolvency. Thus, the Trustee's interests are endangered. Though Cogan protests that he would be unable to pay into court, or bond a judgment, of the magnitude the Trustee seeks, he has provided no definitive financial in-

formation that indicates such an inability. In fact, information submitted by the Trustee indicates the opposite.

### *Conclusion*

For the reasons stated above, the Trustee's motion is granted and judgment will be entered pursuant to Rule 54(b) and stayed pursuant to Rule 64(h). Cogan will either pay the judgment amount into court or provide a bond in that amount. The parties are directed to provide submissions on the calculation of the judgment amount within thirty (30) days.

It is so ordered.