John S. PEREIRA, as Trustee of Trace International Holdings, Inc. and Trace Foam Sub, Inc., Plaintiffs–Appellees,

v.

Marshall S. COGAN, Defendant–Appellant.

Docket No. 02–7625.

United States Court of Appeals, Second Circuit.

Nov. 25, 2002.

Elkan Abramowitz, Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C. (Michael C. Silberberg, on the brief), New York, NY, for Defendant–Appellant.

Theodore J. Fischkin, LeBoeuf, Lamb, Greene & MacRae, L.L.P. (John P. Campo, on the brief), New York, NY, for Plaintiffs–Appellees.

Present McLAUGHLIN, POOLER, Circuit Judges, and JONES, District Judge.*

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Marshall S. Cogan appeals from the May 9, 2002, second amended judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge) granting partial summary judgment to plaintiffs John S. Pereira, as Trustee of Trace International Holdings, Inc., and Trace Foam Sub, Inc. (collectively, "the Trustee"). The Trustee sued on behalf of Trace International Holdings, Inc. and its subsidiary (collectively, "Trace"), which filed for bankruptcy protection under Chapter 11 in July 1999. The proceedings were converted to Chapter 7 in January 2000. Defendant Cogan from 1974 until 2000 was the chief executive officer, chairman and controlling shareholder of Trace. Between November 1995 and December 1998, Cogan signed eight promissory notes on which he borrowed $14.3 million from Trace. Cogan defaulted on all of the notes. In this adversary proceeding, the Trustee sought to recover the principal and interest on the notes on behalf of the bankruptcy estate. The Trustee also sought to set aside Cogan's 1987 employment agreement with Trace, as renewed in 1997, for unlawful self-dealing. Cogan contends that one of the promissory notes, dated May 1, 1998, for a $3.7 million loan, was cancelled and without effect. Cogan also argues that the money he owes Trace on the defaulted notes is more than offset by money the company owes him under the 1987 employment agreement and its predecessor, a 1985 employment agreement.

The Trustee moved for partial summary judgment on April 23, 2001. In a written opinion dated September 25, 2001, the district court granted the motion, holding (1) Cogan's offset claims did not bar summary judgment on the promissory notes because the notes and offsets were unrelated and bankruptcy law did not affect state law on this issue; (2) Cogan's offset claims depending upon the renewal of the 1987 employment agreement were dismissed because the renewal was void for self-dealing; (3) Cogan failed to raise an issue of fact that his signature on the May 1, 1998, promissory note was forged or unauthorized and a February 19, 1999, note purportedly replacing the May 1998 obligation was void for failure of consideration and self-dealing; (4) Cogan's offsets under the 1985 employment agreement were dismissed because the 1987 employment agreement superseded it; and (5) Cogan was not entitled to additional discovery under Fed.R.Civ.P. 56(f) because defendant "merely [sought] to augment factual

* The Honorable Barbara S. Jones, United States District Judge for the Southern District of New York, sitting by designation.

contentions which do not create material issues." *Pereira v. Cogan*, 267 B.R. 500, 516 (S.D.N.Y.2001) (*"Pereira I"*). In a March 21, 2002, opinion, the district court granted the Trustee's motion pursuant to Fed.R.Civ.P. 54(b) for entry of a final partial judgment against Cogan. *Pereira v. Cogan*, 275 B.R. 472 (S.D.N.Y.2002) (*"Pereira II"*). The district court directed Cogan to pay $19.5 million into the court pending final outcome of the lawsuit and stayed the judgment pursuant to Fed. R.Civ.P. 62(h) to prevent the Trustee from immediately accessing the funds. Cogan now appeals, and our review is *de novo*.

■ Cogan argues first that issues of fact preclude summary judgment on the disputed May 1, 1998, promissory note. The district court correctly ruled that the vague statements by Cogan and his attorney—who prepared the note—that the signature did not "appear" to be Cogan's were insufficient to raise an issue of fact overcoming the presumption of a genuine signature. *See* N.Y. U.C.C. Law § 3–307(1)(b) (McKinney 2001); *Freeman Check Cashing, Inc. v. New York*, 97 Misc.2d 819, 412 N.Y.S.2d 963, 964–65 (N.Y.Ct.Cl.1979). Although Cogan claims that notes issued in December 1998 and February 1999 superseded the May 1998 note, neither document states that fact. While the February 1999 note states that it "evidences a loan originally extended on May 1, 1998," it does not state that it is intended to substitute or cancel Cogan's obligations under the prior note. The parol evidence rule bars affidavit explanations Cogan presented regarding the parties' intent regarding the effect of the December 1998 and February 1999 notes at the time of their execution. *National Bank of New York City v. ESI Group, Inc.*, 167 A.D.2d 453, 562 N.Y.S.2d 136, 136 (2d Dep't 1990). Contrary to Cogan's contention, the affidavits impermissibly seek to modify the terms of the December 1998 and February 1999 notes by adding provisions stating that they replaced the May 1998 note. We need not reach the district court's alternative holding that the February 1999 note failed as a matter of law as a self-dealing transaction.

Cogan next contends that the district court improperly held that his offset claims were unrelated to the defaulted notes and had no effect on the judgment for the Trustee. Specifically, Cogan argues that in the context of this bankruptcy proceeding, the general rule that the offsets must be related to the notes does not apply. We disagree. The district court correctly interpreted 11 U.S.C. § 542(b) as having no substantive effect on New York law regarding offset rights. Cogan's arguments regarding the mutuality of the prepetition obligations of Trace and himself actually concern the propriety of the district court's Rule 54(b) certification rather than its grant of summary judgment on the defaulted notes.

■ Cogan also claims that the district court improperly dismissed $8.7 million in offset claims stemming from his 1985 and 1987 employment agreements with Trace. With respect to the renewal of the 1987 contract, Cogan contends that the district court excluded his evidence, which raised issues of fact regarding the fairness of the contract to Trace and the process in which the board renewed it in 1997. Under Delaware law, a controlling shareholder "standing on both sides of a transaction," such as Cogan in this instance, "bears the burden of proving its entire fairness." *Kahn v. Lynch Communication Sys., Inc.*, 638 A.2d 1110, 1115 (Del.1994). Entire fairness includes fair dealing and fair price and requires examination of all aspects of the transaction. *Id.* The district court held as a matter of law that the 1987 agreement as renewed in 1997 could not meet the entire fairness standard because the agreement contained

an unfair price "insulat[ing] Cogan from any supervision by the Board of Directors, let alone discipline or removal, for the entire 10–year Renewal Term." *Pereira I,* 267 B.R. at 509. We agree with the district court that the agreement substantially encroached on the directors' duty to exercise independent judgment in managing Trace and thus was unlawful. *Quickturn Design Sys., Inc. v. Shapiro,* 721 A.2d 1281, 1291–92 (Del.1998); *Abercrombie v. Davies,* 123 A.2d 893, 900 (Del.Ch.1956). The arguments Cogan brings on appeal raise no issue of fact undermining the district court's holding. The affidavits of Cogan himself and director Robert H. Nelson largely seek to establish Cogan's value to Trace, which is irrelevant to the directors' abdication of their statutory duties.

With respect to offsets stemming from the 1985 contract, Cogan contends that the merger clause in the 1987 contract conflicts with other language in the agreement, creating an ambiguity regarding its effect on the 1985 agreement that a finder of fact must resolve. We disagree. The plain language of the merger clause terminates and cancels the prior agreement and states that the 1987 contract supersedes and replaces all prior contracts. Cogan relies on language in Section 2 of the 1987 agreement to argue that the parties intended the two agreements would co-exist, but the district court correctly held that a proviso in Section 2 precluded the increased recovery of benefits that Cogan now seeks. Thus, the district court correctly dismissed $4 million in offset claims stemming from the 1985 agreement.

Cogan also argues that the district court abused its discretion in denying him additional discovery pursuant to Fed.R.Civ.P. 56(f). In his Rule 56(f) affidavit, Cogan's attorney stated that he required additional discovery regarding the fairness of the 1997 renewal of the 1987 employment agreement. Specifically, counsel request-

ed discovery to establish that "Trace, under [Cogan's] leadership, was solvent and actively pursuing and consummating business deals which added value to Trace for the benefit of its shareholders" and that Cogan "enjoyed the support of the creditors and shareholders of Trace in his role as Chairman of the Board of Directors and Chief Executive Officer." However, these alleged facts are irrelevant in light of the district court's holding, which we uphold today, that the undisputed terms of the agreement "worked an independent illegality by substantially encroaching upon the Board's statutory duty to manage Trace." *Pereira I,* 267 B.R. at 510. The district court's denial of discovery was no abuse of discretion. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994).

■ Finally, Cogan argues that the district court abused its discretion when it granted Rule 54(b) certification because he is solvent, has valid offset claims and there is a risk of duplicative appeals. Certification is proper where there is a final decision on severable claims brought in the course of a multiple-claims lawsuit and there is no just reason for delay. *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7–8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The district court in exercising its discretion must assess the "judicial administrative interests as well as the equities involved." *Id.* at 8. The district court below held that there was no just reason for delay because Cogan was insolvent and the Trustee, "having established his right to collect, has an interest in a prompt enforceable judgment." *Pereira II,* 275 B.R. at 474. While the district court characterized Cogan's insolvency as undisputed, Cogan on appeal contends that he only would become insolvent as a result of paying the $19.5 million judgment. After reviewing the evidence in the record, including Cogan's affidavit dated November 29, 2001,

we find no error in the district court's conclusion that Cogan was insolvent. We also see no abuse of discretion in the district court's decision to order payment of the judgment into court and to issue a stay of execution pursuant to Rule 62(h) in recognition of Cogan's claimed offsets. *See Curtiss–Wright,* 446 U.S. at 13 n. 3. With respect to the issue of duplicative appeals, we do not find that the two issues Cogan identifies outweigh the propriety of Rule 54(b) certification.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.