Colfin SNP-1 Funding, LLC v Security Natl. Props. Servicing Co., LLC (2021 NY Slip Op 06032)





Colfin SNP-1 Funding, LLC v Security Natl. Props. Servicing Co., LLC


2021 NY Slip Op 06032


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 650841/20 Appeal No. 14539-14539A Case No. 2020-04398 

[*1]Colfin SNP-1 Funding, LLC, etc., et al., Plaintiffs-Appellants,
v
Security National Properties Servicing Company, LLC, etc., et al., Defendants-Respondents.


Browne George Ross O'Brien Annaguey & Ellis LLP, New York (Jeffrey A. Mitchell of counsel), for appellants.
Patterson Belknap Webb & Tyler LLP, New York (Muhammad U. Faridi of counsel), for respondents.



Amended judgment, Supreme Court, New York County (Andrea Masley, J.), entered October 27, 2020, dismissing the complaint in its entirety, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 19, 2020, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly dismissed the claims for breach of the subordination agreements under CPLR 3211(a)(1). As this Court has observed, subordination agreements can come in two forms: (1) agreements that merely subordinate the debt owed to one creditor to the debt owed to another, and (2) agreements that limit the rights of the subordinated creditor from taking any action against the borrower until the more senior creditor's debt is repaid (compare J-Bar Reinforcement Inc. v Crest Hill Capital LLC, 169 AD3d 499, 499 [1st Dept 2019] [containing express language prohibiting junior creditor from filing suit] with Kornfeld v NRX Technologies, 93 AD2d 772, 772-773 [1st Dept 1983][containing no such language]). Here, the court properly concluded that the subordination agreements only dealt with the matter of subordination, and did not otherwise prevent defendants from filing suit against the debtors to obtain a judgment on their claims. Accordingly, there has been no breach.
The motion court also properly rejected plaintiffs' argument that defendants breached the subordination agreements by bringing their lawsuit against the debtors in Louisiana instead of New York. By its plain terms, the forum selection provision found in the subordination agreements required only that suits "arising out of or relating to this Agreement" were to be instituted in New York. But the action filed by defendants in Louisiana did not arise out of or relate to the subordination agreements, but separate management agreements between defendants and the debtors regarding the payment of management fees. Moreover, plaintiffs' interpretation of the forum selection provision of the subordination agreements has already been rejected by the Louisiana courts on several occasions. This Court should avoid inconsistent decisions on the same issues because they would "serve only to undermine public confidence in the judicial process" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73 [2018]).
Plaintiffs' claims for breach of the guaranty agreements were properly dismissed under the plain terms of those agreements.
Furthermore, the court providently exercised its discretion in dismissing plaintiffs' claim for a declaratory judgment (Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]). It is well settled that a declaratory judgment action should be not be entertained where it "parallel[s]" a breach of contract claim, and "merely seek[s] a declaration of the same rights and obligations" (id.). Here, plaintiffs' breach of contract claims were no different from their claim for a [*2]declaratory judgment.
We have considered plaintiffs' remaining contentions, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021